**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JON FEINGERSH PHOTOGRAPHY, INC., ) | |
| ) | Case No. 2:13-CV-00078-AB |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PEARSON EDUCATION, INC. and ) | |
| CORBIS CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## ORDER

AND NOW, this __ day of _____, 2013, upon consideration of Defendant

Corbis Corporation's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Based on Forum Selection Clauses and for Failure to State a Claim, and any response thereto, it

is ORDERED that the motion is GRANTED.  It is further ORDERED that the complaint is

DISMISSED with respect to Defendant Corbis Corporation.

BY THE COURT:

_____
Hon. Anita B. Brody

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JON FEINGERSH PHOTOGRAPHY, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 2:13-CV-00078-AB |
| ) | |
| v. ) | |
| ) | |
| PEARSON EDUCATION, INC. and ) | |
| CORBIS CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT CORBIS CORPORATION'S MOTION TO DISMISS PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) BASED ON
FORUM SELECTION CLAUSES AND FOR FAILURE TO STATE A CLAIM**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Corbis Corporation

("Corbis") respectfully moves this Court to dismiss the Complaint filed by Plaintiff Jon

Feingersh Photography, Inc. ("Plaintiff"), based on the valid and enforceable forum selection

clauses in the written contracts upon which Plaintiff has sued Corbis, which require any such

claims to be brought exclusively in New York.  Corbis further moves pursuant to Rule 12(b)(6)

to dismiss both claims against Corbis—Count III (breach of contract) and Count IV (breach of

implied duty of good faith and fair dealing)—for failure to state a claim upon which relief may

be granted.  Corbis' points and authorities in support of its motions are set forth in the

accompanying memorandum.

Respectfully,

Dated:   February 14, 2013

HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER

By: / s /  Michele D. Hangley
     William T. Hangley
     Michele D. Hangley
     John T. Stinson
     One Logan Square

     18th & Cherry Streets, 27th Floor
     Philadelphia, PA 19103-6933
     Telephone:  215.568.6200
     Facsimile:   215.568.0300

*Pro hac vice admitted:*

     Laurence F. Pulgram
     Email: lpulgram@fenwick.com
     Songmee L. Connolly
     Email: sconnolly@fenwick.com
     Molly R. Melcher
     Email: mmelcher@fenwick.com

     FENWICK & WEST LLP
     555 California Street, 12th Floor
     San Francisco, CA  94104
     Telephone:  415.875.2300
     Facsimile:   415.281.1350

Attorneys for Defendant
CORBIS CORPORATION

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JON FEINGERSH PHOTOGRAPHY, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 2:13-CV-00078-AB |
| ) | |
| v. ) | |
| ) | |
| PEARSON EDUCATION, INC. and ) | |
| CORBIS CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT
CORBIS CORPORATION'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) BASED ON
FORUM SELECTION CLAUSES AND FOR FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION .................................................................................................1

II.     STATEMENT OF ALLEGATIONS IN THE COMPLAINT...........................2

        A.      The Parties ...................................................................................2

        B.      Plaintiff's Claims .........................................................................4

III.    THIS COURT SHOULD ENFORCE THE MANDATORY FORUM
        SELECTION CLAUSES IN THE RELEVANT AGREEMENTS AND
        DISMISS PLAINTIFF'S COMPLAINT ..........................................................5

        A.      The Forum Selection Clauses Are Mandatory and Vest Jurisdiction
                and Venue Exclusively in the State and Federal Courts in New York ..................7

        B.      Plaintiff's Claims Against Corbis Fall Squarely Within the Scope of
                the Forum Selection Clauses..........................................................8

        C.      Plaintiff Cannot Meet Its Heavy Burden to Overcome the Validity and
                Enforceability of the Forum Selection Clauses ....................................10

                1.      The Forum Selection Clauses Were Not the Products of Fraud
                        or Overreaching .........................................................10

                2.      Enforcement of the Forum Selection Clauses Will Not Violate
                        Public Policy .............................................................11

                3.      Enforcement of the Forum Selection Clauses Will Not Deprive
                        Plaintiff of Its Day in Court ........................................11

IV.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO
        RULES 12(B)(6) AND 8(A) FOR FAILURE TO STATE FACTS
        DEMONSTRATING A CLAIM UPON WHICH RELIEF MAY BE
        GRANTED ......................................................................................14

        A.      Legal Standard ...............................................................................15

        B.      Plaintiff Fails to Allege a Breach of Either the TSM or Zefa
                Agreements ......................................................................................16

                1.      Plaintiff Fails to Identify Any Specific Provisions in the TSM
                        or Zefa Agreements Purportedly Breached by Corbis...............16

                2.      Plaintiff Fails to Allege It Ever Made a Timely or Valid
                        Inspection Demand under Either the TSM or Zefa Agreement................17

## TABLE OF CONTENTS
### (Continued)

**Page**

3.  Plaintiff Is Not Entitled to the Broad Licensing Information It Seeks Under the Inspection and Audit Provisions of the TSM and Zefa Agreements ...............................................................................19

C.  Plaintiff's Claim for Breach of the Implied Duty of Good Faith and Fair Dealing is Entirely Illogical, Speculative and Conclusory ...........................21

V.  CONCLUSION.............................................................................................................24

## **TABLE OF AUTHORITIES**

**Page(s)**

CASES

*A.D.M. Club Mgmt. Sys., Inc. v. Gary Jonas Computing, Ltd.*,
  No. CIV.A.05-3943 (HAA), 2006 WL 2689400
  (D.N.J. Sept. 19, 2006) ........................................................................................9

*Adler v. 20/20 Companies*,
  82 A.D.3d 918, 919 N.Y.S.2d 38 (2011) .............................................................6

*Allz Well Pharmacy, LLC v. NuCare Pharms., Inc.*,
  No. 10-61733-CIV, 2010 WL 5140581 (S.D. Fla. Dec. 10, 2010)........................13

*Arentowicz v. Cap Gemini Ernst & Young U.S. LLC*,
  No. CIV.03-5881 WGB, 2004 WL 1834600 (D.N.J. July 16, 2004) ............................ *passim*

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..............................................................................15, 21, 24

*Babcock & Wilcox Co. v. Control Components, Inc.*,
  161 Misc. 2d 636, 614 N.Y.S.2d 678 (Sup. Ct. 1993)............................................8

*Beck v. CIT Grp./Credit Fin., Inc.*,
  CIV.A. 94-5513, 1995 WL 394067 (E.D. Pa. June 29, 1995).................................9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..........................................................................15, 21, 22, 23

*Berkshire Life Ins. Co. of Am. v. Ochs*,
  No. 06-CV-0657 DRH WDW, 2009 WL 799956 (E.D.N.Y. Mar. 24, 2009)........................19

*Cent. Contracting Co. v. Maryland Cas. Co.*,
  367 F.2d 341 (3d Cir. 1966)................................................................................12

*Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*,
  709 F.2d 190 (3d Cir. 1983).................................................................................10

*Commerce Commercial Leasing, LLC v. Jay's Fabric Ctr.*,
  No. CIV.A.04-4480, 2004 WL 2457737 (E.D. Pa. Nov. 2, 2004) .........................12

*CreditSights, Inc. v. Ciasullo*,
  No. 05 CV 9345(DAB), 2008 WL 4185737 (S.D.N.Y. Sept. 5, 2008) ............................16, 17

*Diversified Media Brokerage Partners v. Upscale Commc'ns, Inc.*,
  No. 07-CV-4285 ENV VVP, 2010 WL 5068936 (E.D.N.Y. Dec. 6, 2010)............................18

**TABLE OF AUTHORITIES**
**(Continued)**

**Page**

*Falcone v. Mediterranean Shipping Co.*,
    No.Civ.A. 01-3918, 2002 WL 32348270 (E.D. Pa. Apr. 3, 2002) ................................6, 11, 12

*Feldman v. Google, Inc.*,
    513 F. Supp. 2d. 229 (E.D. Pa. 2007) ........................................................................... *passim*

*Frazetta v. Underwood Books*,
    No. 3:CV-08-0516, 2009 WL 959485 (M.D. Pa. Apr. 6, 2009).....................................*passim*

*Jon Feingersh Photography, Inc. v. Pearson Education, Inc.*,
    Case No. 11-cv-05122-AB...............................................................................................13

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873 (3d Cir. 1995)..........................................................................................11, 12

*Kessler ex rel. Kessler v. Royal Caribbean Cruises, Ltd.*,
    No. CIV. A. 02-7974, 2002 WL 32130105 (E.D. Pa. Jan. 27, 2003) .......................................9

*Krauss v. Steelmaster Bldgs., LLC*,
    No. CIVA 06-796, 2006 WL 3097767 (E.D. Pa. Oct. 27, 2006)......................................6, 10

*La Fondiaria Assicurazione, S.P.A. v. Ocean World Lines, Inc.*,
    No. 02 Civ. 40, 2002 WL 31812679 (S.D.N.Y. Dec. 12, 2002).............................................13

*Levy v. Bessemer Trust Co., N.A.*,
    No. 97 Civ. 1785, 1997 WL 431079 (S.D.N.Y. July 30, 1997) ............................................16

*M/S Bremen v. Zapata Off-Shore Co.*,
    407 U.S. 1 (1972)............................................................................................................10

*Nissan Motor Acceptance Corp. v. Dealmaker Nissan, LLC*,
    No. 7:09-CV-0196 GTS/ATB, 2011 WL 94169 (N.D.N.Y. Jan. 11, 2011)...........................22

*Nisselson v. Lernout*,
    No. CIV.A. 03-10843-PBS, 2004 WL 1630492 (D. Mass. July 21, 2004) ...........................14

*Norco ex rel. Norco v. Allstate Ins. Co.*,
    No. 2:11-CV-1453, 2012 WL 6762017 (W.D. Pa. Oct. 26, 2012)..........................................9

*Preira v. Bancorp Bank*,
    No. 11-CV-1547 CS, 2012 WL 3541702 (S.D.N.Y. Aug. 17, 2012).....................................22

*Provident Mut. Life Ins. Co. of Philadelphia v. Bickerstaff*,
    818 F. Supp. 116 (E.D. Pa. 1993) .................................................................................6, 7, 10

**TABLE OF AUTHORITIES**
**(Continued)**

**Page**

*Salovaara v. Jackson Nat'l Life Ins. Co.*,
    246 F.3d 289 (3d Cir. 2001).................................................................5, 13

*Schnell v. Bank of N.Y. Mellon*,
    828 F. Supp. 2d 798 (E.D. Pa. 2011) (Brody, J.)............................3, 15

*Sheppard v. Manhattan Club Timeshare Ass'n, Inc.*,
    No. 11 CIV. 4362 PKC, 2012 WL 1890388 (S.D.N.Y. May 23, 2012)................................22

*Slater v. Energy Servs. Grp Int'l, Inc.*,
    634 F.3d 1326 (11th Cir. 2011) ..................................................13

*Sundahl v. State Farm Mut. Auto. Ins. Co.*,
    No. 08-CV-1342, 2009 U.S. Dist. LEXIS 68093 (E.D.N.Y. Mar. 31, 2009)...................16, 17

*Swan Media Grp., Inc. v. Staub*,
    841 F. Supp. 2d 804 (S.D.N.Y. 2012).........................................19

*Syracuse v. Loomis Armored US, LLC*,
    No. 5:11-CV-00744 MAD, 2012 WL 88332 (N.D.N.Y. Jan. 11, 2012) ................................19

*Terwilliger v. Terwilliger*,
    206 F.3d 240 (2d Cir. 2000)........................................................16

*Triple Z Postal Servs., Inc. v. United Parcel Serv., Inc.*,
    No. 118057/05, 13 Misc. 3d 1241(A), 831 N.Y.S.2d 357,
    2006 WL 3393259 (N.Y. Sup. Ct. Nov. 24, 2006) ..................................9

*Wolff v. Rare Medium, Inc.*,
    210 F. Supp. 2d 490 (S.D.N.Y. 2002)...........................................16, 17

*Zurawski v. Se. Pennsylvania Transp. Auth.*,
    No. CIV.A. 2:08-CV-05040, 2010 WL 1946922 (E.D. Pa. May 10, 2010)
    *aff'd*, 441 F. App'x 133 (3d Cir. 2011)....................................15

**STATUTES**

28 U.S.C. § 1404.......................................................................5, 6

**RULES**

Fed. R. Civ. P. 8.................................................................15, 19, 24

Fed. R. Civ. P. 12 ................................................................ *passim*

Defendant Corbis Corporation ("Corbis" or "Defendant") hereby moves to dismiss the Complaint of Plaintiff Jon Feingersh Photography, Inc. ("JFPI" or "Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6) based on the forum selection clauses in the written agreements attached to the Complaint, both of which expressly require Plaintiff's claims against Corbis to be brought in New York. Corbis further hereby moves pursuant to Rule 12(b)(6) to dismiss Plaintiff's Complaint against Corbis for failure to state a claim upon which relief may be granted.

## I.   <u>INTRODUCTION</u>

Plaintiff's suit against Corbis may not proceed in this forum. Plaintiff's Complaint against Corbis consists of only two claims: breach of contract (Count III) and breach of the implied duty of good faith and fair dealing (Count IV). Both claims purport to arise out of two written contracts entered between Plaintiff and Corbis' predecessor companies, copies of which are attached to Plaintiff's Complaint. Yet these two contracts contain forum selection clauses by which the parties expressly agreed that any disputes arising out of or relating to the contracts must be litigated solely in the State of New York. On the face of these contracts and the Complaint, the asserted claims against Corbis squarely fall within the scope of these mandatory and exclusive forum selection clauses, precluding litigation in this jurisdiction.

Plaintiff, having sued on these contracts, has already conceded their validity and enforceability. It cannot meet its heavy burden to overcome the presumptive validity and enforceability of their forum selection clauses. Plaintiff also cannot avoid enforcement of these valid contractual provisions by including in its lawsuit unrelated claims against another defendant who was not a signatory to these contracts. In fact, the only connection between Plaintiff or this action and this forum is the fact that Plaintiff's counsel is located in this jurisdiction—a fact that cannot overcome the forum selection clauses to which Plaintiff agreed.

Because Plaintiff has filed its Complaint against Corbis in the wrong forum, Corbis respectfully requests this Court dismiss it from this action pursuant to Rule 12(b)(6).

While the forum issue is dispositive, should the Court not dismiss on that basis, Corbis alternatively moves to dismiss pursuant to Rules 12(b)(6) and (8)(a) for failure to state facts showing a claim upon which relief may be granted.  On the first claim against Corbis (Count III for breach of contract), Plaintiff fails to plead any breach of any obligation Corbis owed under either of the expired contracts.  Specifically, this claim is premised upon Corbis' supposed failure to provide Plaintiff with certain information, yet Plaintiff alleges no valid or timely demand for such information made under either contract; and even if Plaintiff had, the contracts reflect no obligation by Corbis to produce the information Plaintiff seeks.  On the second claim against Corbis (Count IV for breach of the implied duty of good faith and faith dealing), Plaintiff's conclusory claims that Corbis purportedly licensed images "it knew would be infringed" or "did nothing to redress licenses it knew to be infringed" entirely lack any supporting factual allegations that rise to a plausible claim for relief.  Plaintiff includes absolutely no facts as to even a single license agreement to support this allegation.  Accordingly, Corbis requests the Complaint against it be dismissed in its entirety.

## II.   STATEMENT OF ALLEGATIONS IN THE COMPLAINT

Unless otherwise noted, the following allegations are taken from the Complaint and its attached exhibits, and are assumed true for purposes of this motion only.

### A.   The Parties

Plaintiff JFPI is a Maryland corporation with its principal place of business in Potomac, Maryland.  Complaint ("Compl.") ¶ 2.  Plaintiff is an owner of rights in photographs that it distributes throughout the United States.  *Id.* ¶¶ 2, 7.  Plaintiff entered into separate written agreements with two stock photo licensing agencies—The Stock Market Photo Agency of New

York, Inc. ("TSM") on or about March 1, 1999 (*see* Compl., Ex. 2) (the "TSM Agreement") and zefa visual media GmbH ("Zefa") on or about June 5, 2003 (*see id.* at Ex. 3) (the "Zefa Agreement"). By those agreements, TSM and Zefa agreed to issue licenses for Plaintiff's photographs to various third parties in exchange for reasonable license fees. *Id.* ¶¶ 9, 10. Plaintiff claims it at all times retained ownership of the copyrights in its photographs. *Id.* ¶ 11.

Defendant Corbis is a Nevada corporation with its headquarters in Seattle, Washington. *Id.* ¶ 4. It engages in the business of offering a large collection of photographs for licensing, including photographs taken by individual photographers like Mr. Feingersh. *Id.* Corbis acquired TSM in 2000 and Zefa in 2005, and in so doing, assumed all of TSM's and Zefa's rights and obligations under their respective agreements. *Id.* ¶ 12. Corbis continued to issue licenses "until the contracts between JFPI and those entities expired." *Id.* Although the Complaint omits the dates of expiration, by its terms, the TSM Agreement expired on March 1, 2002, and the Zefa Agreement expired by 2009.[1]

Defendant Pearson Education, Inc. ("Pearson") is a Delaware corporation with its principal place of business in New Jersey. *Id.* ¶ 3. Pearson publishes educational textbooks, selling its publications throughout the United States, including in Pennsylvania. *Id.* Plaintiff alleges that between 1995 and 2009, TSM, Zefa, and Corbis sold Pearson limited licenses to use copies of Plaintiff's photographs in Pearson educational publications. *Id.* ¶ 13.

---

[1] *See* Compl. at Ex. 2, TSM Agreement ¶ 2(a) (reflecting three year term beginning 1999); *id.* ¶¶ 56, 57 (alleging each contract "*was*" a binding and enforceable contract) (emphasis added); *id.* ¶ 13 (alleging licenses sold by Corbis only until 2009); *id.* at Ex. 1 (reflecting invoices through only 2009). The termination date of the Zefa Agreement was, in fact, June 5, 2009. To the extent that Plaintiff disputes the Zefa Agreement expired in 2009, as implied by the Complaint, Corbis reserves the right to request judicial notice thereof on reply, as such information is integral to the admittedly expired contract placed at issue by Plaintiff. *See Schnell v. Bank of N.Y. Mellon*, 828 F. Supp. 2d 798, 803 (E.D. Pa. 2011) (Brody, J.) (court may consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document") (citation omitted).

B.      **Plaintiff's Claims**

The Complaint alleges against Pearson two copyright infringement claims based on allegations that it used photographs copyrighted by Plaintiff in excess of the limited licenses that it had obtained to those photographs.  Compl. ¶¶ 14-16, 49-54.  The Complaint conclusorily alleges that Pearson's use exceeded the permitted uses under licenses granted "by Corbis or other agencies," and that Pearson thereby committed direct copyright infringements.  *Id. ¶¶* 27, 50 (Count I).  Plaintiff also alleges that Pearson reproduced and distributed publications to third parties without Plaintiff's permission and with knowledge that such third parties would reproduce and distribute copies of Plaintiff's photographs without authorization, giving rise to Count II, for Pearson's alleged contributory copyright infringement.  *Id.* ¶¶ 32-38.

In contrast, Plaintiff's Complaint against Corbis consists of two contract-related claims: breach of contract (Count III) and breach of the implied duty of good faith and fair dealing (Count IV).  *See id.* ¶¶ 55-66.  By the explicit terms of both the TSM and Zefa Agreements, each claim is governed by New York State law.  TSM Agreement ¶ 16(e); Zefa Agreement ¶ 12(d).  No allegation of copyright infringement is made against Corbis.

Plaintiff's claim for breach of contract is based only on its assertion that Plaintiff has a right to inspect Corbis' books and records under the "binding and enforceable" terms of the TSM and Zefa Agreements, and that Corbis committed breach by its purported "refusal to produce records reflecting the terms of the licenses it issued to Pearson for JFPI's Photographs."  Compl. ¶¶ 56-57, 60-61.  In support of this claim, Plaintiff essentially makes only two general factual allegations:  (1) that on November 16, 2011, Plaintiff's counsel "notified Corbis in writing that it wished to pursue legal action against Pearson for unauthorized use of its copyrighted work"; and (2) that at some unspecified time "[b]efore filing this case, JFPI issued a subpoena to Corbis in a parallel litigation, requesting that Corbis produce the actual invoices it issued to Pearson for use

4

of JFPI's photographs," and that Corbis purportedly refused to do so.  *Id.* ¶¶ 17, 18.  The Complaint lacks any allegations concerning:  when or how Plaintiff, if ever, made any request for information pursuant to the TSM or Zefa Agreements; which specific provisions of the TSM or Zefa Agreements obligated Corbis to produce such licensing information; or when such provisions were breached.

Plaintiff's second claim asserts that Corbis breached an implied duty of good faith and fair dealing under the TSM and Zefa Agreements when it allegedly licensed Plaintiff's photographs that it knew would be infringed and allegedly did nothing to redress licenses that Corbis knew to be infringed.  *Id.* ¶ 65.  These allegations are utterly conclusory.  There are no supporting factual allegations concerning even a single transaction in which Corbis licensed photographs it purportedly knew would be infringed (whether by Pearson or any other publisher); how Corbis (or who at Corbis) could have known of any such alleged infringement; which instances of infringement purportedly went without redress; or when any such licensing by Corbis, or infringement by licensees, purportedly took place.

## III.  THIS COURT SHOULD ENFORCE THE MANDATORY FORUM SELECTION CLAUSES IN THE RELEVANT AGREEMENTS AND DISMISS PLAINTIFF'S COMPLAINT

In the Third Circuit, a motion to dismiss under Rule 12(b)(6) is a proper procedural mechanism for enforcing a forum selection clause.  *See, e.g.*, *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 297-99 (3d Cir. 2001); *Frazetta v. Underwood Books*, No. 3:CV-08-0516, 2009 WL 959485, at *1 n.2 (M.D. Pa. Apr. 6, 2009).  When, as here, only a motion to dismiss pursuant to Rule 12(b)(6) is filed, and not a motion to transfer venue, the Court has the power to dismiss the action to enforce the forum selection clause without the necessity of considering possible transfer to another federal forum.  *See Salovaara*, 246 F.3d at 298-300 (holding a district court may dismiss under Rule 12 without considering 28 U.S.C. § 1404); *Arentowicz v.*

5

*Cap Gemini Ernst & Young U.S. LLC*, No. CIV.03-5881 WGB, 2004 WL 1834600, at *5 (D.N.J. July 16, 2004) (granting dismissal and noting that plaintiff was "clearly incorrect" to assert the court was required under Third Circuit law to conduct a 28 U.S.C. § 1404 transfer analysis).[2]

Courts in this District routinely enforce forum selection clauses when they are mandatory and exclusive and encompass the claims asserted in the action. *See, e.g.*, *Krauss v. Steelmaster Bldgs., LLC*, No. CIVA 06-796, 2006 WL 3097767 (E.D. Pa. Oct. 27, 2006) (dismissing action pursuant to Rule 12(b)(6)); *Falcone v. Mediterranean Shipping Co.*, No.Civ.A. 01-3918, 2002 WL 32348270 (E.D. Pa. Apr. 3, 2002) (dismissing action); *Arentowicz*, 2004 WL 1834600 (dismissing action pursuant to Rule 12(b)(6)); *Frazetta*, 2009 WL 959485 (dismissing action); *Feldman v. Google, Inc.*, 513 F. Supp. 2d 229, 247 (E.D. Pa. 2007) (transferring action); *Provident Mut. Life Ins. Co. of Philadelphia v. Bickerstaff*, 818 F. Supp. 116, 118 (E.D. Pa. 1993) (enforcing forum selection clause).

Moreover, a forum selection clause is *prima facie* valid and enforceable, unless the challenging party can show it to be unreasonable, obtained fraudulently, or where enforcement would violate a strong public policy of the forum, or effectively deprive the challenging party of its day in court. *See, e.g.*, *Adler v. 20/20 Companies*, 82 A.D.3d 918, 919, 919 N.Y.S.2d 38 (2011) (stating standard under New York law); *Krauss*, 2006 WL 3097767, at *2 (stating standard under federal law); *Provident Mut. Life Ins. Co. of Philadelphia*, 818 F. Supp. at 118

---

[2]  At this time, Corbis seeks dismissal pursuant to Rule 12(b)(6), rather than transfer pursuant to 28 U.S.C. § 1404(a), because no independent basis for federal jurisdiction over Plaintiff's state law claims against Corbis is alleged or otherwise apparent in the Complaint.  Plaintiff invokes federal question jurisdiction for the copyright claims against Pearson.  But no copyright or other federal claim is alleged against Corbis, and thus there would be no basis for jurisdiction if claims against Corbis were transferred.  *See* 28 U.S.C. § 1404(a) ("[A] district court may transfer any civil action to any other district or division ***where it might have been brought.***") (emphasis added).

(noting that the standard for determining the enforceability of a forum selection clause is the same under Pennsylvania law and federal law).[3]

Here, the Court should dismiss Plaintiff's Complaint against Corbis pursuant to Rule 12(b)(6) because:  (1) on their face, the forum selection clauses in the TSM and Zefa Agreements are mandatory and exclusive; (2) these forum selection clauses squarely cover Plaintiff's asserted contract claims against Corbis; and (3) Plaintiff cannot meet its heavy burden of pleading and proving that these forum selection clauses (which are in the "binding and enforceable" contracts on which Plaintiff has sued Corbis) are unenforceable.

A.    **The Forum Selection Clauses Are Mandatory and Vest Jurisdiction and Venue Exclusively in the State and Federal Courts in New York**

Unlike a permissive forum selection clause, a mandatory forum selection clause "identifies a particular state or court as having exclusive jurisdiction over disputes arising out of parties' contract and their contractual relationship." *Frazetta*, 2009 WL 959485, at *3 (citation omitted); *see also Feldman*, 513 F. Supp. 2d at 245-46 ("Where a forum selection clause is permissive, the parties are not exclusively limited to litigating their disputes in only one forum and courts accord the clause less weight.") (citation omitted).   Here, both clauses are mandatory clauses vesting jurisdiction and venue exclusively within courts in New York.  Specifically, the TSM Agreement states:

> This Agreement and all matters collateral thereto shall be construed according to the laws of the State of New York as if this Agreement were to be performed in New York.  ***Any controversy relating to this Agreement shall be litigated solely in a court of competent jurisdiction in the State of New York.***  TSM and you each agree that said court will have

---

[3]  Because the standard for determining the enforceability of a forum selection clause is the same under Pennsylvania, New York and federal law, it is unnecessary to resolve the applicability of federal or state law as the pertinent choice of law on this motion.  *See, e.g.*, *Provident Mut. Life Ins. Co. of Philadelphia*, 818 F. Supp. at 118 ("Inasmuch as the standard for determining the enforceability of a forum selection clause is the same under Pennsylvania, California, and federal law, it is unnecessary to resolve the applicability of federal or state law as to the pertinent choice of laws.").

personal jurisdiction over each of us in any action commenced by either of us with respect to this Agreement.

TSM Agreement, ¶ 16(e) (emphasis added).  Similarly, the Zefa Agreement states:

This Agreement and all matters collateral thereto shall be construed in accordance with the internal laws of the State of New York without giving effect to principles of conflicts of laws.  ***Any controversy arising out of this Agreement shall be litigated solely in a federal or state court of competent jurisdiction in the State of New York***, and each of zefa and you agrees to submit to the jurisdiction of such court.

Zefa Agreement ¶ 12(d) (emphasis added).   The use of "shall" and "solely" render these two clauses mandatory, not optional or permissive, in determining venue and clearly evidences the parties' intent that any dispute relating to or arising out of the contracts be brought only in the courts located in New York.  *See, e.g.*, *Frazetta*, 2009 WL 959485, at *4 (re forum clause:  "it is generally recognized that the word 'shall' is to be interpreted as mandatory") (citation omitted); *Babcock & Wilcox Co. v. Control Components, Inc.*, 161 Misc. 2d 636, 642, 614 N.Y.S.2d 678, 682 (Sup. Ct. 1993) ("The use of the word 'shall' in a forum selection clause has been interpreted as making the clause mandatory.") (citation omitted).  Therefore, New York is the only proper forum for Plaintiff's asserted contract claims against Corbis.

**B.**     **Plaintiff's Claims Against Corbis Fall Squarely Within the Scope of the Forum Selection Clauses**

The scope of the forum selection clauses in the Zefa and TSM Agreements also indisputably encompass Plaintiff's two contract-related claims against Corbis.  In the TSM Agreement, Plaintiff agreed that the provision would encompass "[a]ny controversy relating to th[e] Agreement."  TSM Agreement ¶ 16(e).  In the Zefa Agreement, Plaintiff similarly agreed that the provision would encompass "[a]ny controversy arising out of th[e] Agreement."  Zefa Agreement ¶ 12(d).

In the Complaint, Plaintiff's claims against Corbis are unequivocally based on alleged breaches of Corbis' purported express and implied obligations under the TSM and Zefa

Agreements. *See* Compl. ¶¶ 55-66. Count III alleges that Corbis' conduct "constitutes a breach of the" two agreements. *Id.* ¶ 61. Count IV alleges that "[t]he Agreements impose upon both parties a duty of good faith and fair dealing" and asserts a breach of that duty imposed by the Agreements. *Id.* ¶¶ 64, 65. These claims therefore clearly arise from and relate to the Agreements. *See, e.g.*, *Beck v. CIT Grp./Credit Fin., Inc.*, CIV.A. 94-5513, 1995 WL 394067, at *5 (E.D. Pa. June 29, 1995) ("[A]contractual forum selection clause will apply to claims arising out of the contractual relationship or premised on a duty based on that relationship.") (citation omitted); *A.D.M. Club Mgmt. Sys., Inc. v. Gary Jonas Computing, Ltd.*, No. CIV.A.05-3943 (HAA), 2006 WL 2689400, at *7 (D.N.J. Sept. 19, 2006) (dismissing claim for breach of the implied duty of good faith and fair dealing based on clause that provided that "any actions relating to the enforcement or interpretation of this Agreement shall be brought in the Courts of the Province of Ontario"); *Kessler ex rel. Kessler v. Royal Caribbean Cruises, Ltd.*, No. CIV. A. 02-7974, 2002 WL 32130105 (E.D. Pa. Jan. 27, 2003) (transferring action involving claim for breach of implied contract and contractual duty of good faith and fair dealing based on clause that provided "all disputes and matters whatsoever arising under, in connection with or incident to this contract shall be litigated, if at all, in and before a court located in Miami, Florida."); *Norco ex rel. Norco v. Allstate Ins. Co.*, No. 2:11-CV-1453, 2012 WL 6762017, at *3 (W.D. Pa. Oct. 26, 2012) ("A bad faith claim based on breach of the duty of good faith and fair dealing is, in essence, a claim for breach of contract.") (citation omitted); *cf. Triple Z Postal Servs., Inc. v. United Parcel Serv., Inc.*, No. 118057/05, 13 Misc. 3d 1241(A), 831 N.Y.S.2d 357, 2006 WL 3393259, at *9 (N.Y. Sup. Ct. Nov. 24, 2006) ("Courts generally do not permit circumvention of a valid forum selection clause where a party merely pleads 'claims not based on the contract

containing the clause if those claims grow out of the contractual relationship, or if "the gist" of those claims is a breach of that relationship.'") (citation omitted).

Because Plaintiff's claims against Corbis relate to and arise from the TSM and Zefa Agreements, the forum selection clauses necessarily apply to these claims.

### C.   Plaintiff Cannot Meet Its Heavy Burden to Overcome the Validity and Enforceability of the Forum Selection Clauses

As the United States Supreme Court holds, forum selection clauses are entitled to great weight, are presumptively valid, and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). The party opposing a forum selection clause bears a "heavy burden" of showing that the clause should not be enforced. *Id.* at 1, 17, 19; *Frazetta*, 2009 WL 959485, at *3 (citation omitted); *Provident Mut. Life Ins. Co. of Philadelphia*, 818 F. Supp. at 118 (citation omitted). Specifically, to overcome a forum selection clause, the party objecting to the forum must establish that: (1) the forum selection clause is the result of fraud or overreaching; (2) enforcement would violate a strong public policy of the forum; or (3) enforcement, in the particular circumstances of the case, would result in litigation so seriously inconvenient and unreasonable that it would effectively deprive a party of its day in court. *See M/S Bremen*, 407 U.S. at 15-17; *Krauss*, 2006 WL 3097767, at *2 (citing *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983)). Plaintiff cannot meet this burden here.

#### 1.   The Forum Selection Clauses Were Not the Products of Fraud or Overreaching

The Complaint does not allege and Plaintiff cannot establish that the forum selection clauses were the products of fraud. To invalidate a forum selection clause for fraud, the fraudulent conduct must have induced assent to the forum selection clause itself, not the contract as a whole. *Arentowicz*, 2004 WL 1834600, at *4 (citation omitted). Here, far from claiming

that any portion of the TSM and Zefa Agreements are vitiated by fraud, the Complaint is premised on the allegations that these Agreements are valid and enforceable.  *Id*. ¶¶ 56-62, 64-66.  Plaintiff twice agreed to a New York forum to govern its commercial relationships.  There are no allegations in the Complaint that remotely suggest that these forum selection clauses are fraudulent or overreaching.

        2.        <u>Enforcement of the Forum Selection Clauses Will Not Violate Public Policy</u>

Enforcement of the forum selection clauses would not contravene any strong public policy of this forum.  *See Feldman*, 513 F. Supp. 2d. at 247 (it is "consistent with public policy of this forum to enforce the forum selection clause in order to give force to the parties' agreement") (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995) (holding that valid forum selection clauses are entitled to substantial consideration)).  On the contrary, given that the court that presides over this case must apply New York law under the terms of the Agreements, public policy is advanced by declining to adjudicate this action in place of a New York forum.  *See, e.g.*, *Falcone*, 2002 WL 32348270, at *3 (dismissing case based on forum selection clause where foreign forum would be better at interpreting its own laws); *Feldman*, 513 F. Supp. 2d. at 247 ("[A] California forum would be more appropriate because California law applies to disputes under the Agreement").

        3.        <u>Enforcement of the Forum Selection Clauses Will Not Deprive Plaintiff of Its Day in Court</u>

Plaintiff cannot establish that litigating in New York will be so unreasonable as to deprive Plaintiff of its ability to litigate.  Plaintiff will not be deprived of any remedy as a result of enforcement of the forum selection clauses; its asserted claims can just as easily be brought in New York.  Plaintiff also cannot show that New York is an unfair or burdensome forum, particularly in light of the fact that the Agreements contain choice of law clauses reflecting the

parties' desire and consent to be governed by New York law.  *See Arentowicz*, 2004 WL 1834600, at *5 ("[A] forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum.") (quoting *Jumara*, 55 F.3d at 880).  If anything, it would be unfair now to require Corbis to have this case adjudicated in a forum that the parties did not agree to or anticipate.  This is especially true given that neither Corbis nor Plaintiff is a resident of Pennsylvania.  In fact, the only connection between Plaintiff and the present forum appears to be the location of Plaintiff's counsel, which hardly justifies eviscerating Plaintiff's contractual obligations.

Moreover, even if Plaintiff claimed some increased burden in litigating in New York, "[m]ere inconvenience or additional expense is not the test of unreasonableness, since it may be assumed that the plaintiff received under the contract consideration for these things.  If the agreed upon forum is available to plaintiff and said forum can do substantial justice to the cause of action then plaintiff should be bound by his agreement." *Feldman*, 513 F. Supp. 2d. at 247 (citation omitted).  Thus, financial hardships or inconvenience of litigating the case in the agreed forum will not justify voiding an otherwise valid forum selection clause. *See, e.g*., *Commerce Commercial Leasing, LLC v. Jay's Fabric Ctr.*, No. CIV.A.04-4480, 2004 WL 2457737, at *1 n.1 (E.D. Pa. Nov. 2, 2004) (citing *Cent. Contracting Co. v. Maryland Cas. Co.*, 367 F.2d 341, 344 (3d Cir. 1966)); *Falcone*, 2002 WL 32348270, at *3 (holding Italy not so inconvenient a forum as to justify invalidation of a forum selection clause).  There is also no indication in the Complaint that any witnesses or documents necessary for this action could not be produced in New York.

Any claim of burden that Plaintiff may assert because of its copyright infringement claims asserted against Pearson in this action would similarly fall short.  A party cannot avoid

the impact of valid, binding and enforceable forum selection clauses it agreed to by joining in the Complaint entities who were not signatories to the contract. *See, e.g.*, *Salovaara*, 246 F.3d at 300 (affirming dismissal of claim against defendant based on forum selection clause which only applied to one of multiple defendants).[4]

Additionally, nothing in the Complaint suggests that Plaintiff cannot effectively litigate its copyright claims against Pearson without Corbis as a defendant. Plaintiff has previously sued and settled with Pearson in this forum in a similar copyright infringement action without naming Corbis as a co-defendant. *See* Compl. ¶ 22.B (noting Plaintiff's case against Pearson, *Jon Feingersh Photography, Inc. v. Pearson Education, Inc.*, Case No. 11-cv-05122-AB, previously filed in this district). The Complaint itself cites at least twenty other actions around the country in which Pearson has been sued for copyright infringement by photographers, generally represented by Plaintiff's law firm, without the presence of any licensing agencies such as Corbis in suit. *See* Compl. ¶¶ 22-24.

Moreover, the copyright infringement claims against Pearson are factually and legally distinct from Plaintiff's breach of contract claims against Corbis. There is no reason why Plaintiff's case against Corbis cannot be decided without including the claims against Pearson

---

[4]  *See also La Fondiaria Assicurazione, S.P.A. v. Ocean World Lines, Inc.*, No. 02 Civ. 40, 2002 WL 31812679, at *2 (S.D.N.Y. Dec. 12, 2002) (rejecting argument that forum selection clause should not be enforced due to the possibility of creating duplicative litigation: "[a]dmittedly, it might be more efficient to dispose of the entire case in one court, but that is not the standard for overcoming a forum selection clause"); *Allz Well Pharmacy, LLC v. NuCare Pharms., Inc.*, No. 10-61733-CIV, 2010 WL 5140581, at *3 (S.D. Fla. Dec. 10, 2010) (dismissing claims against a defendant based on a valid and enforceable forum selection clause that only applied to one of several defendants); *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1331 (11th Cir. 2011) (rejecting plaintiff's arguments that enforcement of the forum selection clause will result in parallel proceedings and that maintaining two proceedings is "expensive, a drain on judicial resources, and may result in inconsistent results or prejudice to her claims" as insufficient to establish the "strong showing" of unenforceability required to overcome the presumption that a forum selection clause is valid and enforceable).

and vice versa.  Plaintiff's claims against Corbis turn on construction and performance of the specific contracts between Corbis and Plaintiff.  At the same time, Plaintiff's unsupported allegations against Corbis, by their terms, extend beyond any uses of photographs by Pearson. *See, e.g.*, *id*. ¶¶ 39-48 (alleging that Corbis' purported refusal to bring infringement claims against "textbook publishers" (of which Person is only one of many), or to provide information to help Plaintiff bring claims against such "publishers" (plural), deprived Plaintiff of the benefits under the Agreements).  In short, the fact that Plaintiff's claims against Corbis may be tangentially related to or overlap in some part with Plaintiff's claims against Pearson is insufficient to justify litigation of Plaintiff's claims against Corbis here, in contradiction of the clear language of the forum selection clauses.  *See, e.g.*, *Nisselson v. Lernout*, No. CIV.A. 03-10843-PBS, 2004 WL 1630492, at *3-4 (D. Mass. July 21, 2004) (granting Rule 12(b)(6) motion to dismiss based on a forum selection clause that applied to only one of several defendants, and rejecting plaintiff's argument that court should not enforce the clause because the claims against the co-defendants were related and the basis for supplemental jurisdiction).

Accordingly, the Court should enforce the forum selection clauses contained in the contracts upon which Plaintiff's claims rely, and Plaintiff's Complaint against Corbis should be dismissed.

IV.     **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULES 12(B)(6) AND 8(A) FOR FAILURE TO STATE FACTS DEMONSTRATING A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

In the event that the Court enforces the forum selection clauses as just discussed, it need not reach Corbis' Rule 12(b)(6) motion for failure to state facts constituting a claim for relief. *See, e.g.*, *Feldman*, 513 F. Supp. 2d at 249 (upon enforcing forum selection clause and finding forum improper, court lacked jurisdiction and thus did not decide motion to dismiss for failure to state a claim).  However, Corbis addresses the factual inadequacy of the Complaint to preserve

14

these substantive attacks on the pleading if, for any reason, Corbis' motion to dismiss based on the forum selection clauses were denied.

### A.     Legal Standard

As this Court has stated, to survive a motion to dismiss, a complaint must allege facts sufficient to "raise a right to relief above the speculative level." *See Schnell*, 828 F. Supp. 2d at 803, citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Schnell,* 828 F. Supp. 2d at 803 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Schnell*, 828 F. Supp. 2d at 803 (citing *Iqbal*, 556 U.S. at 678 (interpreting Rule 8(a)'s requirement to show "entitlement to relief")).  "A claim has facial plausibility when the plaintiff pleads ***factual content*** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Schnell*, 828 F. Supp. 2d at 803 (citing *Iqbal*, 556 U.S. at 678 (emphasis added)).  "The assumption of truth accorded to well-pleaded facts does not apply to legal conclusions couched as factual allegations." *Zurawski v. Se. Pennsylvania Transp. Auth.*, No. CIV.A. 2:08-CV-05040, 2010 WL 1946922, at *5 (E.D. Pa. May 10, 2010) *aff'd*, 441 F. App'x 133 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678).  Although as a general matter a district court may not consider matters extraneous to the pleadings on a motion to dismiss, an exception is that "a document integral to or explicitly relied upon in the complaint may be considered."  *Schnell*, 828 F. Supp. 2d at 803 (noting court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case") (citations omitted).

**B.**   **Plaintiff Fails to Allege a Breach of Either the TSM or Zefa Agreements**

To establish a breach of contract under New York law, a plaintiff must plead:  (1) the existence of a contract; (2) breach of the contract; and (3) damages resulting from the breach. *See, e.g.*, *Wolff v. Rare Medium, Inc.*, 210 F. Supp. 2d 490, 494-95 (S.D.N.Y. 2002), citing *Terwilliger v. Terwilliger*, 206 F.3d 240, 245-46 (2d Cir. 2000); *see also CreditSights, Inc. v. Ciasullo*, No. 05 CV 9345(DAB), 2008 WL 4185737, at *10 (S.D.N.Y. Sept. 5, 2008) (alternatively stating that breach of contract claim "must allege:  (1) existence of a contract; (2) the claimant has performed his or her obligations under the contract; (3) the defendant failed to perform his or her obligations there under; and (4) damages resulted to the plaintiff") (citations omitted).

Here, Plaintiff's breach of contract claim fails for at least three independent reasons.

1.   Plaintiff Fails to Identify Any Specific Provisions in the TSM or Zefa Agreements Purportedly Breached by Corbis

***First***, the breach of contract claim fails for the simple reason that Plaintiff fails to identify any specific contractual term that was purportedly breached by Corbis.  New York law is well-settled that to plead the elements of a breach of contract claim, a plaintiff "must identify the specific provision of the contract that was breached as a result of the acts at issue."  *Wolff*, 210 F. Supp. 2d at 494 (citing *Levy v. Bessemer Trust Co., N.A.*, No. 97 Civ. 1785, 1997 WL 431079, at *5 (S.D.N.Y. July 30, 1997)); *see also CreditSights*, 2008 WL 4185737, at *11 ("New York law is eminently clear that a proper breach of contract claim must identify specifically breached contract terms.  None are so alleged in the counterclaims."); *Sundahl v. State Farm Mut. Auto. Ins. Co.*, No. 08-CV-1342, 2009 U.S. Dist. LEXIS 68093, at *23 (E.D.N.Y. Mar. 31, 2009) (same).  In its Complaint, Plaintiff cites to no specific provision(s) of either the TSM or Zefa Agreements that Corbis purportedly breached.  Instead, Plaintiff merely attaches copies of the

contracts, leaving Corbis (and the Court) to speculate and surmise which provision(s) are at issue.  Under New York law, such pleading is deficient to state a claim and Corbis' motion to dismiss should be granted on this straightforward ground alone.  *See Wolff*, 210 F. Supp. 2d at 496 (dismissing amended breach of contract claim with prejudice where plaintiff twice failed to identify specific provision of agreement that was allegedly breached); *CreditSights*, 2008 WL 4185737, at *11 (dismissing counterclaim for breach of contract where counterclaim plaintiff failed to allege the specific contractual provisions allegedly breached); *Sundahl*, 2009 U.S. Dist. LEXIS 68093, at *24-25 (dismissing breach of contract claim where plaintiffs failed to set forth the exact provision they claim was breached).

2.  <u>Plaintiff Fails to Allege It Ever Made a Timely or Valid Inspection Demand under Either the TSM or Zefa Agreement</u>

*Second*, assuming the provisions Plaintiff asserts to be breached were the audit and inspection clauses in the respective contracts, the Complaint is wholly deficient in alleging any acts of breach by Corbis under those provisions.[5]  There is no allegation that Plaintiff ever made

---

[5]  The TSM Agreement provides:

> You have the right*, **upon reasonable notice** and during regular business hours, to inspect TSM books and records and to make extracts of the books and records that deal with your images. **In the event that TSM has underpaid you** by an amount equal to or in excess of [5%] of all monies due you, TSM shall bear the actual, out-of-pocket costs and expenses of the inspection and shall also pay you all past due sums with interest equal to what could have been earned on the amount underpaid if the money had been placed in a bank savings account.  The foregoing shall not be deemed to be a waiver or limitation of any other rights or remedies you may have in the event of such underpayment.

*See* TSM Agreement ¶ 7(d) (emphases added).  The Zefa Agreement provides:

> You have the right, **upon written notice** given to zefa not less than two weeks in advance, and during zefa's regular business hours, to inspect zefa's books and records relating to your account and to zefa's licensing of the Accepted Stock Photographs, which zefa will make available to you at its U.S. business offices (if any), **for the purpose of verifying that the amounts paid to you by zefa have been calculated accurately**…You may exercise this inspection right no more than once a year.

*See* Zefa Agreement ¶ 8 (emphases added).

a demand for inspection under either contract—each of which expressly requires notice to Corbis—let alone when any demand was made, and under which contract.

Specifically, there is no allegation of any demand before the contracts expired.  *See* Part II.A *supra* (TSM and Zefa Agreements expired in 2002 and 2009, respectively); *Diversified Media Brokerage Partners v. Upscale Commc'ns, Inc.*, No. 07-CV-4285 ENV VVP, 2010 WL 5068936, at *1-2 (E.D.N.Y. Dec. 6, 2010) (dismissing breach of contract claim on basis that alleged breach occurred after expiration of contract).  Plaintiff does not plead the survival of any contractual rights or obligations post-expiration.  The contracts themselves reflect no surviving rights and obligations—the Zefa Agreement even expressly forecloses it.  *See* Zefa Agreement ¶ 11(f) ("Except [for circumstances not applicable here], ***zefa shall have no further obligations to you after termination of this Agreement***.") (emphasis added).

The only factual allegation remotely suggesting that Plaintiff made any request for information before suing for breach is that Plaintiff had issued a subpoena on Corbis "in a parallel litigation," seeking Corbis' invoices to Pearson for use of Plaintiff's photos.  Compl. ¶ 18.  But this discovery request came in 2011,[6] two years after expiration of the Zefa Agreement and nine years after expiration of the TSM Agreement.  Moreover, a subpoena is not notice of the exercise of a contractual right, nor does it trigger an audit obligation under the clear terms of the contracts.  Rather, a subpoena invokes the power and procedures of judicial authority, subjecting Corbis to the obligations and rights attendant to that judicial process.[7]  Thus, a

---

[6]  As this Court is aware, the prior "parallel proceeding" was a case Plaintiff filed on August 10, 2011 against only Pearson, Case No. 2:11-cv-05122-AB.  That case settled in 2012.  There is no record of any motion to compel or any other substantiation of Corbis' alleged failure to comply with a subpoena in that action.

[7]  If anything, the fact that Plaintiff resorted to the subpoena process to demand production of information from Corbis suggests Corbis was not otherwise contractually obligated to provide the materials requested.  If it were, the subpoena would have been unnecessary.

litigation subpoena, even if issued prior to the expiration of the contracts (which has not been alleged), could not substantiate proper written notice of the desire to exercise contractual rights.

Because Plaintiff has not alleged that it timely provided the requisite written notice to trigger any obligation by Corbis, Plaintiff fails to allege any ripe obligation, much less breach, by Corbis. *See, e.g.*, *Swan Media Grp., Inc. v. Staub*, 841 F. Supp. 2d 804, 807 (S.D.N.Y. 2012) (dismissing breach of contract claim where plaintiff failed to identify which clause of agreement defendant allegedly breached or through what actions or inactions); *Berkshire Life Ins. Co. of Am. v. Ochs*, No. 06-CV-0657 DRH WDW, 2009 WL 799956, at *4 (E.D.N.Y. Mar. 24, 2009) (plaintiff's breach of contract claim failed to meet minimal pleading requirements of Rule 8 where it failed to plead facts giving notice of the contractual provisions allegedly breached or the nature of the breach); *Syracuse v. Loomis Armored US, LLC*, No. 5:11-CV-00744 MAD, 2012 WL 88332, at *5 (N.D.N.Y. Jan. 11, 2012) (dismissing breach of contract claim where complaint indicated multiple different contracts but failed to indicate under which contract defendant's obligations arose, upon which terms liability was predicated, and that plaintiff had performed its own obligations under the contract).

      3.      <u>Plaintiff Is Not Entitled to the Broad Licensing Information It Seeks Under the Inspection and Audit Provisions of the TSM and Zefa Agreements</u>

***Third***, assuming *arguendo* that Plaintiff had made a timely inspection demand under either contract, neither allows for the broad licensing information demanded by Plaintiff.  The contracts provide for inspection and audit rights related to whether or not the royalties owed ***by Corbis*** (or its predecessors) were accurately calculated and paid—not for discovery in aid of a prior lawsuit against Pearson. *See, e.g.*, Zefa Agreement ¶ 8 (inspection permitted "for the

purpose of verifying that the amounts paid to you by zefa have been calculated accurately").[8] The amounts owed by Corbis to Plaintiff are determined simply as a percentage of the amounts Corbis received from licensees. *See* TSM Agreement ¶ 7(a); Zefa Agreement ¶ 7(b). Here, Plaintiff has never alleged any miscalculation or underpayment of royalties by Corbis. Nor does Plaintiff claim in its Complaint to have been seeking documents for the purpose of determining the propriety of amounts paid by Corbis. There is simply no provision in either contract that supports Plaintiff's conclusory assertion of an unlimited "right to inspect Corbis' books and records" unrelated to determining whether Corbis has properly paid Plaintiff based on what Corbis has collected. *See* Compl. ¶ 60.

Instead, Plaintiff's breach of contract claim appears to be an attempted end-run around proper discovery procedures for Plaintiff's claims against Pearson. Plaintiff's Complaint argues that Plaintiff cannot investigate its potential copyright claims against publishers without information from Corbis. *Id*. ¶ 40. If Corbis has relevant information, Plaintiff can serve and enforce a subpoena on Corbis during the course of discovery.[9] But Plaintiff's effort to convert its desire for discovery into a breach of contract claim attempts to cram a square peg into a round hole. Absent pleading of the particular contract and provision allegedly breached, a proper contractual notice triggering a duty by Corbis prior to the contract's expiration, and breach of that duty, no contract claim has been stated.

---

[8] The TSM Agreement provides for what would happen "if TSM has underpaid you," in no way contemplating discovery of all licenses in a fishing expedition to create claims against licensees. TSM Agreement ¶ 7(d). Further, given that the TSM Agreement expired by its terms nine years ago, Plaintiff has alleged no basis to suggest any continuing obligation on Corbis' part.

[9] Any need for discovery from Corbis is itself undermined by Plaintiff's allegation that Pearson is "the sole source of information about its infringing uses." Compl. ¶ 23; *see also id.* ¶¶ 28, 30 (alleging "Pearson alone knows the full extent to which it has infringed JFPI's copyrights").

**C.**     **Plaintiff's Claim for Breach of the Implied Duty of Good Faith and Fair Dealing is Entirely Illogical, Speculative and Conclusory**

In little more than three lines of its Complaint, Plaintiff alleges that Corbis violated the covenant of good faith and fair dealing under the Agreements when it purportedly entered into licenses with publishers that it "knew" would be exceeded, and purportedly "did nothing to redress licenses it knew to be infringed."  Compl. ¶ 65.  These conclusory allegations are utterly untethered to any facts in the Complaint.  Far from containing sufficient factual matter to make such allegations plausible (*Twombly*, 550 U.S. at 556), Plaintiff's theory makes no sense.  The idea that Corbis would, in bad faith, fail to collect money on behalf of photographers—when Corbis' own compensation depends on the amounts it collects and shares pro-rata with photographers—is inherently implausible and counterintuitive.  Absent ***any*** supporting factual allegations, these bald conclusions fail to meet the threshold pleading standards of *Twombly* and *Iqbal*.

Plaintiff fails to allege even the most basic facts needed to push this allegation "across the line from conceivable to plausible," and to allow the court to draw "a reasonable inference that [Corbis] is liable for the misconduct alleged."  *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Complaint does not identify any publisher, any license, any communication, any time frame, or any knowledge Corbis purportedly had or could access that would support the inference that Corbis knowingly entered contracts that it knew would be infringed, or knowingly failed to enforce them thereafter.  There is no allegation of any information, known to any person at Corbis, that supports the aspersions cast.  The Complaint does not even identify any license with Pearson that was exceeded for any photograph.  Yet such

facts are a critical prerequisite to any claim that Corbis **knowingly** entered a license that would be infringed, or **knowingly** failed to enforce claims for infringement.[10]

Plaintiff's conclusory allegations are insufficient to state a claim for breach of the implied duty of good faith and fair dealing. *See, e.g.*, *Nissan Motor Acceptance Corp. v. Dealmaker Nissan, LLC*, No. 7:09-CV-0196 GTS/ATB, 2011 WL 94169, at *5 (N.D.N.Y. Jan. 11, 2011) ("To prove a violation of the implied covenant of good faith and fair dealing, conclusory allegations of a party's failure to act in good faith alone are insufficient; specific factual allegations of a party's bad faith acts are required.") (citation omitted); *Sheppard v. Manhattan Club Timeshare Ass'n, Inc.*, No. 11 CIV. 4362 PKC, 2012 WL 1890388, at *7-8 (S.D.N.Y. May 23, 2012) (breach of implied covenant of good faith and fair dealing dismissed for failure to allege facts plausibly supporting such a claim); *Preira v. Bancorp Bank*, No. 11-CV-1547 CS, 2012 WL 3541702, at *6 (S.D.N.Y. Aug. 17, 2012) (dismissing breach of implied covenant of good faith and fair dealing where plaintiff failed to allege facts showing defendants acted in manner that deprived plaintiff of rights to receive benefits under contract).

Plaintiff's failure to allege facts supporting the requisite allegations of bad intent by Corbis is analogous to—and, in fact, substantially more deficient than—the allegations found insufficient in *Twombly*. In *Twombly*, the plaintiffs accused certain incumbent suppliers of telecommunication services of a horizontal restraint of trade, based on their conscious and parallel behavior in refusing to strike deals to provide access to local operators. The plaintiffs further alleged than an illegal intent could be inferred, because, absent such agreement, each

---

[10] Plaintiff cites to twenty copyright infringement cases filed against Pearson, yet does not identify one instance of infringement involving images licensed by Corbis to Pearson, let alone one where Corbis licensed an image to Pearson that Corbis knew would be infringed. Compl. ¶¶ 22.A-J. While Plaintiff cites to depositions excerpts of Pearson employees (*id.* ¶¶ 25, 26) these are mere general statements that Pearson had published in excess of its licenses in some instances, and reflects no connection whatsoever to either Corbis or any of Plaintiff's images.

individual incumbent's self interest would drive it to enter deals with the local licensees.
*Twombly*, 550 U.S. at 549-52, 564-65.  The Supreme Court found these allegations insufficient
to draw an inference of illegal intent.  "Asking for plausible grounds to infer an agreement does
not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise
a reasonable expectation that discovery will reveal evidence of illegal agreement…Without
more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at
some unidentified point does not supply facts adequate to show illegality."  *Twombly*, 550 U.S.
at 556-557.

      Here, even more than in *Twombly*, Plaintiff has alleged no factual basis upon which to
infer the improper intent that Plaintiff's bad faith claim requires.  Just as no facts in *Twombly*
allowed inference of the incumbents' illegal intent to agree, no facts in this case allow an
inference of bad faith knowledge or intent by Corbis.  Moreover, in contrast to *Twombly*—where
the allegation of the *necessity* of an illicit agreement to effectuation of the incumbent's economic
self-interests was still insufficient to infer their agreement—here, no economic self-interest of
Corbis supports Plaintiff's claim.  Corbis shares all incoming license revenue with Plaintiff pro-
rata.  *See* TSM Agreement ¶ 7(a); Zefa Agreement ¶ 7(b).  Corbis' economic interest is therefore
aligned with Plaintiff's in collecting the maximum revenue from publishers.  Plaintiff's
allegation to the contrary, that "[u]pon information and belief, Corbis is putting textbook
publishers…ahead of the interests of its contributing photographers" (Compl. ¶ 42) is entirely
unsupported and illogical.  No facts support the plausibility of this contention.  Finally, in
*Twombly*, the plaintiffs had at least alleged some predicate bad acts which, if coupled with
wrongful intent, might state a claim—specifically, the incumbent's conscious refusal to deal with
the local operators.  In the present case, there is ***no allegation*** of any such underlying bad act, as

Plaintiff has not even identified a single license that was exceeded, much less Corbis' knowledge thereof.

Plaintiff is not entitled to use blanket and speculative allegations to get into unlimited, costly discovery, embracing a wide swath of Corbis' business of licensing to publishers.  *See, e.g.*, *Iqbal*, 556 U.S. at 678-79 ("Rule 8…does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").  Plaintiff should not be permitted to launch such a proceeding, based on nothing more than conclusions, coupled with the hope of uncovering evidence for this action or, worse, information actually intended for use to bring additional lawsuits against other publishers.

Because Plaintiff has failed to allege facts to support them, its breach of contract and good faith and fair dealing claims should both be dismissed.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Corbis respectfully requests Plaintiff's Complaint against Corbis be dismissed in its entirety.

                                        Respectfully,

Dated:   February 14, 2013              HANGLEY ARONCHICK SEGAL PUDLIN &
                                        SCHILLER


                                        By: / s /  Michele D. Hangley
                                             William T. Hangley
                                             Michele D. Hangley
                                             John T. Stinson
                                             One Logan Square

                                             18th & Cherry Streets, 27th Floor
                                             Philadelphia, PA 19103-6933
                                             Telephone:  215.568.6200
                                             Facsimile:   215.568.0300

                                        *Pro hac vice admitted:*

                                             Laurence F. Pulgram
                                             Email: lpulgram@fenwick.com
                                             Songmee L. Connolly
                                             Email: sconnolly@fenwick.com
                                             Molly R. Melcher
                                             Email: mmelcher@fenwick.com

                                             FENWICK & WEST LLP
                                             555 California Street, 12th Floor
                                             San Francisco, CA  94104
                                             Telephone:  415.875.2300
                                             Facsimile:   415.281.1350

                                        Attorneys for Defendant
                                        CORBIS CORPORATION

25

<u>**CERTIFICATE OF SERVICE**</u>

I, Michele D. Hangley, certify that on February 14, 2013, I caused a copy of the foregoing Defendant Corbis Corporation's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) Based on Forum Selection Clauses and for Failure to State a Claim to be filed electronically on this Court's ECF system, which provides a Notice of Electronic Filing to registered counsel of record and where the motion can be viewed and downloaded.


Date:  Feb. 14, 2013                          / s / Michele D. Hangley_____
                                                       Michele D. Hangley