**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JON FEINGERSH PHOTOGRAPHY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PEARSON EDUCATION, INC. and ) <br> CORBIS CORPORATION, ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:13-CV-00078-AB |

**DEFENDANT CORBIS CORPORATION'S REPLY IN SUPPORT OF ITS MOTION
TO DISMISS (DOCKET NO. 19)**

**TABLE OF CONTENTS**

|   |   | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | CORBIS' MOTION TO DISMISS SHOULD BE GRANTED BASED ON THE VALID AND ENFORCEABLE FORUM SELECTION CLAUSES | 2 |
|   | A. Plaintiff Relies on Inapposite Authorities for the Legal Standard Applied on a Motion for Transfer under 28 U.S.C. § 1404(a) | 3 |
|   | B. There is No Presumption for Plaintiff's Choice of Forum | 4 |
|   | C. The Relevant Agreements Are Not Contracts of Adhesion | 4 |
|   | D. Enforcement Will Not Deprive Plaintiff of Its Day in Court | 6 |
| III. | PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULES 12(b)(6) AND 8(a) FOR FAILURE TO STATE A CLAIM | 8 |
|   | A. The Complaint Fails to Allege a Breach of Contract Claim Against Corbis | 8 |
|   | 1. Plaintiff's New Breach Theory Has No Support in the Plain Language of the Contracts or Any Factual Allegations | 9 |
|   | 2. Plaintiff's New Allegations Would Still Fail to Establish Breach of the Inspection Provisions in Either the TSM or Zefa Agreements | 10 |
|   | B. Plaintiff Fails to Allege a Breach of the Implied Duty of Good Faith and Fair Dealing | 12 |
| IV. | CONCLUSION | 12 |

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Arentowicz v. Cap Gemini Ernst & Young U.S. LLC*,
No. CIV.03-5881 WGB, 2004 WL 1834600 (D.N.J. July 16, 2004) .... 4, 5

*Astro-Med, Inc. v. Nihon Kohden Am., Inc.*,
591 F.3d 1 (1st Cir. 2009) .... 3, 4

*Burke v. Quartey*,
969 F. Supp. 921 (D.N.J. 1997) .... 4

*Carnival Cruise Lines, Inc. v. Shute*,
499 U.S. 585 (1991) .... 6

*Coady v. Ashcraft & Gerel*,
223 F.3d 1 (1st Cir. 2000) .... 4

*CreditSights, Inc. v. Ciasullo*,
No. 05-cv-9345, 2008 WL 4185737 (S.D.N.Y. Sept. 5, 2008) .... 9

*Dinan v. Alpha Networks, Inc.*,
803 F. Supp. 2d 71 (D. Me. 2011) .... 3

*Ernest & Norman Hart Bros., Inc. v. Town Contractors, Inc.*,
18 Mass. App. Ct. 60 (1984) .... 4, 5

*Feldman v. Google, Inc.*,
513 F. Supp. 2d 229 (E.D. Pa. 2007) .... 6

*Foster v. Chesapeake Ins. Co.*,
933 F.2d 1207 (3d Cir. 1991) .... 2

*Gen. Eng'g Corp. v. Martin Marietta Alumina, Inc.*,
783 F.2d 352 (3d Cir. 1986) .... 5

*Hollingsworth v. Range Res.-Appalachia, LLC*,
No. 3:09CV838, 2009 WL 3601586 (M.D. Pa. Oct. 28, 2009) .... 10

*Jacobson v. Mailboxes Etc. U.S.A., Inc.*,
419 Mass. 572 (1995) .... 4, 5

*Jumara v. State Farm Ins. Co.*,
55 F.3d 873 (3d Cir. 1995) .... 3, 4

# TABLE OF AUTHORITIES
## (Continued)

**Page(s)**

*Landmark Ventures, Inc. v. Wave Sys. Corp.*,
 No. 11 CIV. 8440 PAC, 2012 WL 3822624 (S.D.N.Y. Sept. 4, 2012) .................................. 11

*M/S Bremen v. Zapata Off-Shore Co.*,
 407 U.S. 1 (1972) ........................................................................................................... 2, 5

*Molino v. Sagamore*,
 36 Misc. 3d 267 (N.Y. Sup. 2012) ......................................................................................... 5

*Pa. ex rel. Zimmerman v. Pepsi Co.*,
 836 F.2d 173 (3d Cir. 1988) .................................................................................................. 8

*Salovaara v. Jackson Nat'l Life Ins. Co.*,
 246 F.3d 289 (3d Cir. 2001) .................................................................................................. 4

*Schneller v. Prospect Park Nursing & Rehab. Ctr.*,
 No. CIV. A. 08-5704, 2009 WL 1838337 (E.D. Pa. June 25, 2009) ..................................... 9

*Stevens v. Telford Borough*,
 No. CIV.A. 11-7216, 2012 WL 4864963 (E.D. Pa. Oct. 12, 2012) ....................................... 8

*Stewart Org., Inc. v. Ricoh Corp.*,
 487 U.S. 22 (1988) ................................................................................................................ 3

*Sydney v. Pac. Indem. Co.*,
 No. CIV.A. 12-1897, 2012 WL 3135529 (E.D. Pa. Aug. 1, 2012),
 appeal dismissed (Oct. 23, 2012) ........................................................................................ 11

*Thomas v. Philadelphia Hous. Auth.*,
 No. CIV.A. 11-0224, 2011 WL 3862245 (E.D. Pa. Aug. 30, 2011) ..................................... 8

*Wright v. O'Hara*,
 No. CIV.A. 00-1557, 2002 WL 1870479 (E.D. Pa. Aug. 14, 2002) ..................................... 2

**STATUTES**

28 U.S.C. § 1404 ....................................................................................................................... 3, 4

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

**RULES**

Fed. R. Civ. P. 8(a) ...................................................................................................................7

Fed. R. Civ. P. 12(b)(6) ...............................................................................................3, 4, 7, 11

Fed. R. Civ. P. 45 .......................................................................................................................6

Defendant Corbis Corporation hereby files this Reply in support of its Motion to Dismiss the Complaint ("Compl.") of Plaintiff Jon Feingersh Photography, Inc.

## I. INTRODUCTION

Plaintiff has not met its "heavy burden" to overcome the presumptive validity and enforceability of the forum selection clauses in the TSM and Zefa Agreements, whereby it expressly agreed to litigate its contract claims against Corbis exclusively in New York. While Plaintiff cites authority for a general presumption in favor of a plaintiff's choice of forum, as a matter of law, no such presumption exists where a valid forum selection clause governs a plaintiff's claims. To the contrary, binding Supreme Court and Third Circuit law is clear: these forum provisions are presumptively enforceable, and it is ***Plaintiff's*** heavy burden to show they are unreasonable, were obtained fraudulently, or that their enforcement would violate a strong public policy of the forum or effectively deprive Plaintiff its day in court.

This is not a close case. Plaintiff concedes the forum clauses are mandatory and exclusive; squarely cover its asserted claims; are part of valid and enforceable contracts that are not the result of fraud; and that their enforcement would not contravene any public policy. Instead, Plaintiff makes only two unavailing arguments. First, Plaintiff argues that the contracts—on which it has sued—are contracts of adhesion. No factual submissions or allegations in the Complaint support this conclusory claim. The contracts themselves reflect arms-length agreements, complete with negotiated addenda, between two commercial entities, the kind for which forum selection clauses are routinely enforced. Second, Plaintiff argues that it cannot litigate its claims against Pearson without Corbis, claiming Corbis purportedly refused to comply with a subpoena in a prior case. This conclusory claim is contradicted by the record. But even if Plaintiff could truthfully allege non-compliance with a subpoena, the appropriate

remedy would be to compel compliance, not to sue Corbis in a forum contrary to the parties' agreement.  In short, Plaintiff cannot overcome enforcement of the forum clauses and its case against Corbis should be dismissed.

As a result, the Court need not reach Corbis' motion to dismiss for failure to state a claim.  Regardless, Plaintiff's Opposition does not save its breach of contract claim or breach of implied covenant of good faith and fair dealing claim.  As an initial matter, Plaintiff's attempt to amend its claims in its Opposition is improper and must be disregarded.  Even so, these new allegations are insufficient to state a breach of contract claim, as they consist of more vague, speculative and conclusory arguments unsupported by the plain language of the underlying contracts.  Plaintiff's breach of the implied duty of good faith and fair dealing claim similarly fails as Plaintiff still fails to plead any facts which, if true, could establish bad faith.

For these reasons, Corbis requests the Complaint against it be dismissed in its entirety.

## II. CORBIS' MOTION TO DISMISS SHOULD BE GRANTED BASED ON THE VALID AND ENFORCEABLE FORUM SELECTION CLAUSES

In its Opposition (Dkt. No. 22) ("Opp."), Plaintiff concedes that the forum clauses are mandatory and exclusive and encompass its claims against Corbis.  MTD at 14-23.[1]  In such a case, controlling Supreme Court and Third Circuit law holds that forum selection clauses are entitled to great weight, are presumptively valid and enforceable, and should be enforced unless Plaintiff carries its "heavy burden" to show them to be unreasonable, obtained fraudulently, or where enforcement would violate a strong public policy of the forum, or effectively deprive the challenging party of its day in court.  MTD at 15-16, 19 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991));

---

[1] "MTD" refers to Dkt. No. 19, Corbis' Memorandum in support of its Motion to Dismiss.  *See, e.g.*, *Wright v. O'Hara*, No. CIV.A. 00-1557, 2002 WL 1870479, at *5 n.7 (E.D. Pa. Aug. 14, 2002) (issue conceded when not addressed in opposition).

2

*see also* MTD at 6 (citing cases—none refuted by Plaintiff—enforcing such clauses routinely in this District).

Here, Plaintiff concedes these clauses appear in valid and enforceable contracts. MTD at 20; Opp. at 8. Plaintiff makes no claim of fraud. MTD at 19-20. Plaintiff further concedes that enforcement would not contravene any strong public policy of this forum, and that public policy would indeed be advanced by having Plaintiff's contract claims, which are governed by New York law, adjudicated by a court in New York. *Id.* Unable to dispute these fundamental issues, Plaintiff resorts to inaccurate and meritless arguments, each of which fails to overcome the forum clauses.

    **A.**     **Plaintiff Relies on Inapposite Authorities for the Legal Standard Applied on a Motion for Transfer under 28 U.S.C. § 1404(a)**

First, Plaintiff cites and relies upon the incorrect standard for analysis of the forum selection clauses. Opp. at 4. Specifically, without disputing that a Rule 12(b)(6) is the appropriate vehicle to enforce a forum clause, Plaintiff nonetheless cites cases applying the standard articulated in the venue transfer statute, 28 U.S.C. § 1404(a). *Id.* at 3-4 (arguing Court must "consider multiple factors," including the convenience of the potential fora); *id.* at 4 n.14.[2] Here, Corbis seeks dismissal only under Rule 12(b)(6), not transfer pursuant to § 1404(a). MTD at 15 n.2 (explaining why § 1404(a) transfer inappropriate here). Thus, the convenience standards relied upon by Plaintiff are inapplicable and irrelevant to the Court's determination

---

[2] The cases Plaintiff cites at footnote 14 all concern transfer motions and thus analyze factors considered under 28 U.S.C. § 1404(a) which do not control on this Rule 12(b)(6) motion. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (analyzing transfer under § 1404(a)); *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 12-13 (1st Cir. 2009) (conducting transfer analysis under § 1404(a) and *enforcing* forum selection clause); *Dinan v. Alpha Networks, Inc.*, 803 F. Supp. 2d 71, 74-76 (D. Me. 2011) (conducting transfer analysis under § 1404(a) and holding contract had no forum selection clause); *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-32 (1988) (holding that federal law governed, and therefore vacating transfer contrary to forum selection clause and remanding for consideration of federal standards).

under Rule 12(b)(6).  *See Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298-300 (3d Cir. 2001) (holding court may dismiss under Rule 12 without considering § 1404); *Arentowicz v. Cap Gemini Ernst & Young U.S. LLC*, No. CIV.03-5881 WGB, 2004 WL 1834600, at *5 (D.N.J. July 16, 2004) (granting dismissal and noting plaintiff "clearly incorrect" to assert court was required by Third Circuit law to conduct § 1404 transfer analysis).[3]

### B.     There is No Presumption for Plaintiff's Choice of Forum

Second, Plaintiff is flatly wrong in claiming that there is a "strong presumption" for its choice of forum.  Opp. at 4 & n.16.  ***None*** of the cases Plaintiff cited in support of Plaintiff's assertion involve a forum selection clause.  *See Burke v. Quartey*, 969 F. Supp. 921, 930 (D.N.J. 1997) (discussing presumption applicable where party is ***not*** subject to forum selection clause); *Astro-Med, Inc.*, 591 F.3d at 12-13 (same) (citing *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000) (discussing presumption applicable where there ***no*** forum selection clause)).  Furthermore, the Third Circuit holds, even in a Section 1404(a) venue transfer analysis, that "such deference [to a plaintiff's choice] is inappropriate when the plaintiff has already freely contractually chosen an appropriate venue" and, where there is a valid and enforceable forum clause, "***plaintiffs bear the burden*** of demonstrating why they should not be bound by their contractual choice of forum."  *Jumara*, 55 F.3d at 880 (emphasis added).

### C.     The Relevant Agreements Are Not Contracts of Adhesion

Third, Plaintiff's unsupported argument that the forum clauses are in adhesion contracts has no merit.  Opp. at 5-6.[4]  Plaintiff offers no evidence that the TSM or Zefa Agreements were

---

[3]  Even if convenience were the test, Plaintiff has offered no explanation for the convenience of Pennsylvania—where only Plaintiff's counsel, but none of the parties, reside.  By contrast, New York is more convenient to enforce New York law as stipulated in Plaintiff's agreements.

[4] Plaintiff's reliance on *Ernest & Norman Hart Bros., Inc. v. Town Contractors, Inc.*, 18 Mass. App. Ct. 60 (1984), *Jacobson v. Mailboxes Etc. U.S.A., Inc.*, 419 Mass. 572 (1995), and

4

"take it or leave it" contracts without a chance to negotiate their terms, or that Plaintiff did not obtain review by counsel. To the contrary, both contracts *were amended* through addenda that improved Plaintiff's terms, evidencing they could be, and were, negotiated. Compl., Ex. 2 at 10-12, Ex. 3 at 12 (*e.g.*, ¶ 2, increasing Plaintiff's percentage of license fees). *See Arentowicz*, 2004 WL 1834600, at *4 (rejecting plaintiff's conclusory claim of having to sign contract on a take it or leave it basis, where Plaintiff did not even allege attempt to negotiate).

Moreover, this is not an instance in which Plaintiff had no practicable choice but to enter this agreement. *Gen. Eng'g Corp. v. Martin Marietta Alumina, Inc.*, 783 F.2d 352, 360 (3d Cir. 1986) ("The typical case for invalidating a forum selection clause as a product of coercion occurs when consumers enter into form contracts, particularly insurance contracts, with corporations.") (citation omitted). The TSM and Zefa Agreements are negotiated commercial contracts between two corporations governing a large volume of commercial stock photography. *M/S Bremen,* 407 U.S. at 12-13 (holding forum selection clause presumptively valid when reached in an arm's length transaction between experienced businesspersons). There was no necessity or economic compulsion for Plaintiff to contract the services of TSM, Zefa or Corbis. Plaintiff could choose to license its images through any agency it wished, or none at all. And the fact that Plaintiff agreed not just once (with the TSM Agreement), but twice (with the Zefa Agreement), reflects its

---

*Molino v. Sagamore*, 36 Misc. 3d 267 (N.Y. Sup. 2012), is incorrect. Opp. at 6 nn. 21, 22. *Ernest* was decided before *Jacobson*'s adoption of the modern federal standard on enforcement of forum clauses, in addition to involving a contract where the parties had disparate bargaining power. *Ernest*, 18 Mass. App. Ct. at 66-67. In *Molino*, the defendant could not enforce a forum clause in a hotel rental agreement, which was presented to plaintiff only after plaintiff's full payment and six hour drive to the hotel, and where failure to agree would have forfeited plaintiff's entire deposit. *Molino*, 36 Misc. 3d at 268-69. Finally, there is no indication that Plaintiff was "compelled to accept [the forum selection clauses] without argument or discussion." *Jacobson*, 419 Mass. at 575 n.5, 579 (holding forum clause inapplicable to pre-contractual activities and remanding to determine whether bulk of claims were pre- or post-contractual).

free choice and willingness to agree to New York. Plaintiff also concedes the forum clauses are in plain, unmistakable English and in normal font type. In short, Plaintiff has shown no reason why the forum clauses therein should not also be held valid and enforceable.[5]

### D. Enforcement Will Not Deprive Plaintiff of Its Day in Court

Finally, Plaintiff claims it cannot obtain full relief without involving both Pearson and Corbis as parties in this action. Opp. at 3-4; 12 (arguing that dismissing Corbis "would prevent JFPI from obtaining evidence from Corbis that it needs to prevail on its copyright claims."). This claim is baseless as a matter of both fact and law. On the facts, Plaintiff relies on Corbis' purported "refus[al] to cooperate" with a subpoena issued in an earlier action against Pearson. Opp. at 3, 5. But the public record reflects that Corbis never ignored a subpoena, but rather complied with its Rule 45 obligations, agreeing to produce documents once a protective order was finalized, but raising objections to the subpoena's scope.[6] If Plaintiff felt entitled to more than Corbis agreed to provide, under Rule 45 it fell to Plaintiff to move to compel—and there is no record that Plaintiff ever did so. Thus, even if Plaintiff could demonstrate that Corbis had not

---

[5] Even if Plaintiff could show the TSM or Zefa Agreements were contracts of adhesion (though it cannot), this alone is insufficient to overcome enforcement of their forum clauses. Forum selection clauses are routinely upheld even in situations involving adhesion contracts, unequal bargaining power, and the absence of negotiations over the clause, unless they effectively preclude a plaintiff from having her day in court. *See, e.g., Feldman v. Google, Inc.*, 513 F. Supp. 2d 229, 242, 246-47 (E.D. Pa. 2007) (enforcing forum selection clause in a standardized, non-negotiable contract) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–94 (1991) (holding that forum selection clause on back of cruise ticket was enforceable despite lack of bargaining over the terms of the contract)).

[6] Corbis requests Judicial Notice of the records Plaintiff's counsel submitted, in another action, which counsel asserts to be the response served by Corbis to Plaintiff's subpoena in the prior *Feingersh* case. *See* Reply Request for Judicial Notice in Support of Defendant Corbis Corp.'s Motion to Dismiss Plaintiff's Complaint ("RJN"), Ex. A (in which Corbis sought to "confirm the documents we are prepared to produce" after Plaintiff and Pearson "have resolved their dispute regarding the scope and form of the protective order"), filed in *Lefkowitz v. Houghton Mifflin Harcourt Pub. Co.*, Case No. 1:12-CV-10614-FDS (D. Mass.) Feb. 21, 2013 (Dkt. No. 38-3).

complied with obligations under Rule 45 in a prior case (and it cannot), Plaintiff's remedy would be to compel compliance, not to vitiate its binding and enforceable contractual commitments.

Plaintiff's contention that joining Corbis as a party is necessary for its copyright claims is also belied by the dozens of copyright infringement suits filed by its attorneys without the presence of any licensing agencies such as Corbis.  MTD at 22; Compl. ¶¶ 22-24.  Plaintiff's contention is further contradicted by its own repeated assertion that "Pearson, and Pearson alone, knows the extent to which it has exceeded the scope of its permission to publish JFPI's photographs."  Plaintiff's Response in Opposition to Pearson Education, Inc.'s Motion to Dismiss (Dkt. No. 21) ("Opp. to Pearson MTD") at 6; *see also id.* at 1, 3; Compl. ¶¶ 2, 28, 30.  And even if Pearson lacked any relevant information, Plaintiff offers no reason why it could not serve a subpoena on Corbis to get it.  The need to enforce a subpoena does not come close to "depriving plaintiff of its day in court," the standard required to overcome the forum clauses.

In all events, if Plaintiff feels it "needs" to sue Corbis and Pearson in one action, it could sue both in New York without violating its agreements with Corbis.  What Plaintiff cannot do is negate the forum selection clause by attaching claims against Corbis to those filed against Pearson.  *See* MTD at 21-22 n.4.  Otherwise, parties could routinely avoid contractual obligation under  a venue selection clause simply by joining covered claims with non-covered claims against separate parties.

More than this facile tactic is legally required.  The applicable standard requires proof that proceeding in New York will be so unreasonable as to deprive Plaintiff of its ability to litigate.  Plaintiff has not approached this test.  The Court should therefore enforce the forum selection clauses and dismiss the claims against Corbis.

7

## III. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULES 12(b)(6) AND 8(a) FOR FAILURE TO STATE A CLAIM

Plaintiff does not dispute that the Court need not reach the Complaint's failure to state a claim against Corbis if the forum clauses are enforced. MTD at 23. Regardless, Plaintiff's Opposition cannot redeem the Complaint's deficiencies, and Counts III and IV should be dismissed should the Court reach the substantive merits of Plaintiff's claims.

### A. The Complaint Fails to Allege a Breach of Contract Claim Against Corbis

Plaintiff tries to save its breach of contract claim by alleging in its Opposition a new theory of breach and new purported facts. Specifically, Plaintiff now adds argument that:

- Corbis was contractually obligated "to ensure that the copyrights of the licensed photographs are protected" under paragraph 6 of the TSM Agreement and paragraph 4(b) of the Zefa Agreement and "breached the contract by licensing JFPI's photographs to known infringers, therefore failing to protect the copyrights of JFPI." Opp. at 8 n.34.

- Plaintiff "demanded inspection of some of Corbis' books on June 8, 2009 when he [*sic*] terminated his relationship with Corbis" and "again requested to inspect all of its textbook licenses on January 25, 2010, but Corbis has not provided the requested information." *Id.* at 8 n.35; *id.* at 9.

- Corbis continued to license some of Plaintiff's images post-termination of the contracts, and thus Plaintiff's inspection rights did not expire. Opp. at 9 nn. 40, 41[7]; *id.* at 10.

As Plaintiff concedes, these new allegations are absent from the Complaint. Opp. at 9, 12 nn. 39, 51. They must be disregarded. "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Stevens v. Telford Borough*, No. CIV.A. 11-7216, 2012 WL 4864963, at *4 (E.D. Pa. Oct. 12, 2012) (citing *Pa. ex rel. Zimmerman v. Pepsi Co.*, 836 F.2d 173, 181 (3d Cir. 1988)); *Thomas v. Philadelphia Hous. Auth.*, No. CIV.A. 11-0224, 2011 WL 3862245, at *1-2 n.15 (E.D. Pa. Aug. 30, 2011) (court cannot consider facts alleged in motion papers in evaluating sufficiency of complaint) (citations omitted). As Plaintiff

---

[7] Plaintiff's citation to 10(e) is presumed to be to 11(e), as no 10(e) exists in the Zefa Agreement.

8

cannot refute, under New York law it is "eminently clear that a proper breach of contract claim *must identify specifically breached contract terms.*" *CreditSights, Inc. v. Ciasullo,* No. 05-cv-9345, 2008 WL 4185737, at *11 (S.D.N.Y. Sept. 5, 2008) (emphasis added); MTD at 25-26.[8] The Complaint fails to do so and should be dismissed.

### 1. Plaintiff's New Breach Theory Has No Support in the Plain Language of the Contracts or Any Factual Allegations

Even if the Court were to consider Plaintiff's new allegations, they do not save Plaintiff's claim. Plaintiff's argument that Corbis had the express contractual obligation "to ensure that the copyrights of the licensed photographs are protected" (Opp. at 8 n.34, citing TSM Agreement ¶ 6 and Zefa Agreement ¶ 4(b)), are not supported by the cited provisions. Paragraph 6 of the TSM Agreement consists of five different subparagraphs imposing different obligations on Corbis, *none* of which include the broad and ambiguous obligation to "ensure the copyrights of licensed photographs are protected" as Plaintiff claims. TSM Agreement ¶¶ 6(a)-(e).[9] The plain language of paragraph 4(b) of the Zefa Agreement similarly creates no such obligation.[10]

Plaintiff next claims Corbis breached this purported obligation "by licensing JFPI's photographs to known infringers, therefore failing to protect the copyrights of JFPI." Opp. at 8;

---

[8] Plaintiff incorrectly cites to and relies on New York procedural law. *See* Opp. at 8 n.31; *id.* 9 n.38 (citing cases for standard on motion to dismiss pursuant to N.Y. CPLR 3211); *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. CIV. A. 08-5704, 2009 WL 1838337, at *7 (E.D. Pa. June 25, 2009) (noting it is "well-established that a federal court shall apply [state] substantive law and federal procedural rules to the resolution of state law claims").

[9] Because Plaintiff only generally cites paragraph 6, it remains unclear which specific clause Cobis purportedly breached. Indeed, subparagraph 6(e) even expressly *disclaims* any liability to Plaintiff from "improper or infringing use of images by any third party." *Id.* at ¶ 6(e).

[10] Paragraph 4(b) of the Zefa Agreement obligates Corbis to: (1) use "reasonable commercial efforts to ensure" licensed photos "contain the copyright notice provided by [Plaintiff]"; (2) "request, where appropriate in agreements with its clients, that such [photos] be protected by copyright in all uses by such clients"; and (3) irrevocably appoints Corbis to pursue claims if evidence of third party infringement comes to its attention, from which any proceeds must be divided with Plaintiff. There is no allegation Corbis breached any of the foregoing.

9

*id.* at 9. But these arguments are conclusory, as well as untethered to any contractual obligations. As with Plaintiff's good faith and fair dealing claim, Corbis' purported breach is unsupported by any factual allegations. MTD at 30-33. Plaintiff fails anywhere to mention a single transaction, copyrighted work or license, or any evidence of third-party infringement (let alone Corbis' knowledge thereof). Because Plaintiff's proposed new contract theory has no support in the Agreements or any supporting factual allegations, it would still fail to state a claim.

### 2. Plaintiff's New Allegations Would Still Fail to Establish Breach of the Inspection Provisions in Either the TSM or Zefa Agreements

Plaintiff now identifies paragraph 7(d) of the TSM Agreement and paragraph 8 of the Zefa Agreement as the specific provisions Corbis purportedly breached. Opp. at 8 n.35. Plaintiff further argues: (1) it "demanded some of Corbis's books" on June 8, 2009, when its relationship with Corbis terminated (Opp. at 9); (2) it "again requested to inspect all of its textbook licenses" on January 25, 2010, "but Corbis has not provided the requested information" (*id.*); and (3) its right of inspection did not expire because Corbis continued to license some of Plaintiff's images post-termination (*id.* at 9-10).[11] Again, these new allegations are vague, conclusory and insufficient. While Plaintiff generally asserts a "demand" was made on June 8, 2009, there is no allegation under which contract(s) the demand was made, what information was demanded, or that Corbis failed to comply. With the January 25, 2010 "request," Plaintiff again does not indicate under which contract(s) its demand for "all of its textbook licenses" was made.

---

[11] Plaintiff errs in claiming that it should be "allowed to proceed to discovery in order to uncover the specifics of the breach." Opp. at 9. Plaintiff already knows when, how and what it has asked from Corbis, and whether or not Corbis provided it. *See Hollingsworth v. Range Res.-Appalachia, LLC*, No. 3:09CV838, 2009 WL 3601586, at *8 (M.D. Pa. Oct. 28, 2009) (rejecting, under *Twombly*, plaintiffs' argument that they were entitled to discovery because they were only required "to make a general assertion that a contract existed, that Defendant breached it, and that they were entitled to relief").

Plaintiff also still has not identified a *timely* demand.  The TSM Agreement expired March 1, 2002, and Plaintiff fails to cite any continuing inspection rights post-termination.  Opp. at 9-10.  Plaintiff concedes the Zefa Agreement terminated in June 2009, but alleges no proper demand made under that contract before its termination.[12]  Plaintiff's attempts to conflate the contracts and to impose non-existent continuing obligations on Corbis should be rejected.

Finally, the contracts plainly do not entitle Plaintiff to unrestricted access to Corbis' confidential books and records to search for information in aid of potential infringement suits.  The contracts provide for inspection and audit rights related to whether monies owed **by Corbis** were accurately paid.  MTD at 28-29; Zefa Agreement ¶ 8 (right to inspect is "for the purpose of verifying that the amounts paid to you by zefa have been calculated accurately").  Plaintiff is not entitled to rewrite and broaden these provisions to require inspection of "all textbook licenses" for a purpose unrelated to whether Corbis miscalculated or underpaid royalties.[13]

---

[12]  Plaintiff cites paragraph 11(e)'s authorization of Corbis' issuance of post-termination licenses to claim a right to inspect Corbis' books and records.   However, paragraph 11(e) makes post-termination licensing subject only to the reporting and payment provisions of *paragraph 7*—a provision Corbis is *not* alleged to have breached.  Zefa Agreement ¶ 11(e).  Paragraph 11(e) does not include *paragraph 8*'s document inspection right (the clause Corbis allegedly breached), and paragraph 11(f) expressly forecloses any post-termination survival thereof.  *Id.* at ¶ 11(f).

[13]  Plaintiff incorrectly argues the parties' "differing interpretations" of the contracts are inappropriate to resolve on this motion.  Opp. at 10 (citing inapplicable New York procedural law).  The interpretation of a contract is a question for law for the Court.  Under Rule 12(b)(6), a Court may appropriately determine whether the contract's language is clear and unambiguous (as it is here).  *See, e.g., Sydney v. Pac. Indem. Co.*, No. CIV.A. 12-1897, 2012 WL 3135529, at *2-4 (E.D. Pa. Aug. 1, 2012), appeal dismissed (Oct. 23, 2012) (granting motion to dismiss breach of contract claim where terms clear and unambiguous); *Landmark Ventures, Inc. v. Wave Sys. Corp.*, No. 11 CIV. 8440 PAC, 2012 WL 3822624, at *3 (S.D.N.Y. Sept. 4, 2012) (same) ("The language of a contract is not made ambiguous simply because the parties urge different interpretations.  Nor does ambiguity exist where one party's view 'strain[s] the contract language beyond its reasonable and ordinary meaning.'") (internal quotations and citations omitted).

### B. Plaintiff Fails to Allege a Breach of the Implied Duty of Good Faith and Fair Dealing

Plaintiff's arguments to support its good faith and fair dealing claim are redundant to the factually deficient and conclusory allegations in its Complaint. Opp. at 10-12. Plaintiff does not dispute that it must provide a *factual* basis upon which to infer bad faith. MTD at 22 (citing cases). Still, the Opposition identifies no such facts, either in the complaint or which could be provided by amendment. Opp. at 12 n.51 (claiming it would "add facts regarding Corbis's breach of the implied duty of good faith and faith dealing" without identifying what such "facts" would be). Plaintiff still has not identified any publisher, license, communication, timeframe, or knowledge Corbis purportedly had sufficient to support an inference that it knowingly entered licenses it knew would be infringed. Plaintiff still has not specified any purported infringement of any work(s) for which Corbis purportedly had any obligation to, or failed to, redress.

Instead, Plaintiff continues to allege generalized, speculative and illogical theories about Corbis and its business practices. Plaintiff's broad claim that Corbis wants to maintain its relationships with publishers (Opp. at 11) does not undermine the reality that Corbis cannot maximize its own revenues unless it maximizes revenues for the photographers it represents. MTD at 32 (explaining all incoming license revenue shared with Plaintiff *pro rata*). That Corbis may resolve disputes through negotiations or other means, without resorting to litigation, does not infer any bad faith intent to injure Plaintiff. And Plaintiff's claims that Corbis "refuses" to provide information or to "cooperate" once litigation has commenced, is similarly unsupported by any factual allegations, and contradicted by the public record. RJN at Ex. A.

### IV. CONCLUSION

For the foregoing reasons, Corbis respectfully requests that Plaintiff's Complaint against Corbis be dismissed in its entirety.

|  |  |
|---|---|
|  | Respectfully, |
| Dated:   March 14, 2013 | FENWICK & WEST LLP |
|  | By: */s/ Laurence F. Pulgram*  <br>      Laurence F. Pulgram, *admitted pro hac vice*  <br>      Songmee L. Connolly, *admitted pro hac vice*  <br>      Molly R. Melcher, *admitted pro hac vice*  <br><br>      555 California Street, 12th Floor  <br>      San Francisco, CA  94104  <br>      Telephone:   415.875.2300  <br>      Facsimile:    415.281.1350  <br>      Email: lpulgram@fenwick.com  <br>      Email: sconnolly@fenwick.com  <br>      Email: mmelcher@fenwick.com  <br><br>      William T. Hangley  <br>      Michele D. Hangley  <br>      John T. Stinson  <br>      HANGLEY ARONCHICK SEGAL  <br>      PUDLIN & SCHILLER  <br>      One Logan Square  <br>      18th & Cherry Streets, 27th Floor  <br>      Philadelphia, PA 19103-6933  <br>      Telephone:   215.568.6200  <br>      Facsimile:    215.568.0300  <br><br>      Attorneys for Defendant  <br>      CORBIS CORPORATION |

## **CERTIFICATE OF SERVICE**

      I, Laurence F. Pulgram, certify that on March 14, 2013, I caused a copy of the foregoing Defendant Corbis Corporation's Reply in Support of its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) Based on Forum Selection Clauses and for Failure to State a Claim to be filed electronically on this Court's ECF system, which provides a Notice of Electronic Filing to registered counsel of record and where the motion can be viewed and downloaded.


Dated:   March 14, 2013                                      */s/ Laurence F. Pulgram*
                                                                  Laurence F. Pulgram