# EXHIBIT A

# EXHIBIT 3

corbis

April 2, 2012

**SERVED VIA MAIL & EMAIL (robert@harmonseidman.com)**

Robert W. Crockett, Esq.
Harmon & Seidman LLC
33 Spindrift Passage
Corte Madera, California 94925

      RE:   *Jon Feingersh Photography, Inc. v Pearson Education, Inc.*
              Case No: 11-CV-05122-AB,
              E.D. Pa. (Subpoena issued in W.D. Wa.)
              **Discussion re Corbis Corporations' Objections to Subpoena**

Dear Mr. Crockett:

We write to confirm our conversation of last week regarding the above matter, and specifically Corbis Corporation's ("Corbis") objections to your client's subpoena, served by Corbis on March 8, 2012. You will note that we are writing to you, rather than Mr. Harmon, because it is our understanding that you will be the attorney with your firm primarily responsible for handling this matter. Please inform us immediately if we are mistaken.

First, we want to confirm our understanding that Corbis will not produce any documents until your client and the defendant, Pearson Education, Inc. ("Pearson") have resolved their dispute regarding the scope and form of the protective order that will govern discovery in this lawsuit. Based upon our conversation, we understand that Pearson may be seeking to expand the scope of the protective order already entered by the Court. The documents that we intend to produce may indeed fall under the umbrella of this expanded protective order. Accordingly, we believe it is prudent to wait until this dispute is resolved before we produce anything. Please let us know when this occurs.

Second, we want to confirm the documents we are prepared to produce. As we explained in our March 8 objections, we believe your client's document request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents pertaining to images not referenced in your client's complaint or the exhibits thereto. Specifically, your client's complaint alleges that Pearson infringed upon copyrights arising out of four images licensed by Corbis (*see* Exhibit A to the complaint), and 47 images either not licensed at all, or licensed without Corbis' involvement (*see* Exhibit B to the Complaint). Yet, despite this limited set of images at issue with your client's complaint, your client's subpoena broadly seeks documents pertaining to *any* of your client's images ever licensed by Corbis to Pearson.

Given our belief that this request is both unreasonable and beyond the scope of discovery allowed under Fed. R. Civ. P. 26(b), we agreed to only produce invoice/licensing documents pertaining to the 4 images identified in Exhibit B to your client's complaint. Upon receipt of our March 8 letter setting forth this position, you specified your request by explaining that you are seeking the invoices/licenses for 288 additional images and uses that you claim to have been licensed by Corbis to Pearson. You provided us this list in an excel spreadsheet. Again, on its face, this list appears to consist of images and uses not at issue in the lawsuit, and thus, we fail to understand the relevance of the documents you are requesting to your client's claims. We wonder if this is little more than a fishing expedition to search for new claims.

We also wonder if it might be more appropriate for your client to seek these documents from Pearson, as they presumably possess the same licensing documents that Corbis does. As we explained in our call, our identification, redaction, and production of these documents will be extremely time consuming and expensive, and will present a substantial burden for a non-party to this litigation. If anyone should bear the burden of producing these irrelevant documents, it should not be Corbis.

That said, in the spirit of efficiency and cooperation, we remain committed to working with you to the extent we can. Accordingly, we will consider producing invoices for additional images/uses (beyond the 4 images referenced in Exhibit B to the complaint), given the following conditions, which we discussed in our call last week:

- We do not possess and will not be producing the invoices numbered 1-67 of your spreadsheet, which were dated prior to 2002.

- We noticed that many of the licenses listed in your spreadsheet appear to have been licenses to what may be either subsidiaries or business divisions of Pearson (*i.e.* Prentice Hall). We are in the process of investigating this matter further, but do not intend to produce documents pertaining to licenses granted by Corbis to non-parties to this lawsuit.

- For the reasons explained above, we ask that you seek these invoices from Pearson before seeking them from Corbis. Assuming you do so, we may agree to produce invoices that Pearson does not have or cannot find. Please inform us if or when these circumstances arise.

As we also discussed, we intend to contact Pearson's counsel, copied on this letter, to learn more about Pearson's positions on these issues.

Finally, we want to confirm that we are not proceeding with the records deposition that you originally requested at this time. We reiterate our offer to execute a declaration verifying the accuracy of any documents that we produce in lieu of such a deposition, and will assume that you are amenable to this approach unless we hear otherwise.

In any event, for the reasons explained above, our production is currently on hold until we hear from you that the issue of the protective order has been resolved with Pearson. Thank you for your attention to this matter.

Very truly yours,

Theodore A. Sheffield
Corporate Counsel

cc: David W. Marston Jr., Counsel for Defendant Pearson Education, Inc. (email only)