IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JON FEINGERSH PHOTOGRAPHY, INC., | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 13-78 |
| PEARSON EDUCATION, INC., | : | |
| Defendant. | : | |

October _15th , 2013                                                    Anita B. Brody, J.

## MEMORANDUM

Plaintiff Jon Feingersh Photography, Inc. ("JFPI") brings suit against Defendant Pearson Education, Inc. ("Pearson), asserting claims of copyright infringement.  I exercise federal question jurisdiction over JFPI's claims against Pearson pursuant to 28 U.S.C. §§ 1331, 1338. Currently before me is Pearson's motion to transfer venue pursuant to 28 U.S.C. § 1404(a).  For the reasons set forth below, I will deny Pearson's motion to transfer venue.

## I.  BACKGROUND[1]

Plaintiff JFPI is a stock photography agency located in Maryland.  JFPI owns and is the exclusive copyright holder of photographic images that it licenses for distribution.  Defendant Pearson is a corporation that publishes educational textbooks, which it sells and distributes throughout the United States.  Corbis Corporation is a photography licensing agency that contracted with JFPI to issue limited licenses of JFPI's photographs to third parties.

On behalf of JFPI, Corbis Corporation sold Pearson limited licenses to use copies of JFPI's photographs in Pearson's educational publications.  JFPI alleges that Pearson infringed on its copyrights from 1995 through 2009 by exceeding the terms of the limited licenses that it

---

[1] Unless otherwise noted, all facts in this section are taken from the Complaint.

1

received from Corbis.[2]  In total, JFPI brings 321 separate claims of copyright infringement for each photograph that Pearson allegedly exceeded the terms of the limited license.

During the period of the alleged infringement, Corbis entered into several volume-based pricing master licensing agreements ("MLAs") with Pearson, which covered Corbis' licensing of JFPI's photographs to Pearson.  These MLAs govern approximately 234 of JFPI's claims.  The remaining 87 claims are not covered by any MLA.  Each MLA contains a forum selection clause.[3]  The forum selection clause in the 2001 MLA designates Washington as the exclusive jurisdiction for litigation, and applies to approximately 107 of JFPI's claims.  Def.'s Mot. 3 n.3; Ex. 1.  The forum selection clauses in the 2004 and 2007 MLAs designate New York as the exclusive jurisdiction for litigation, and apply to approximately 127 of JFPI's claims.  Def.'s Mot. 3 n.3; Exs. 2, 3.  No forum selection clause applies to the 87 claims that are not covered by any MLA.  *Id.*

## II. DISCUSSION

Pearson moves to transfer venue to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).  Pearson argues that transfer of this case is necessary to enforce the forum selection clauses contained in the MLAs.  JFPI argues that transfer to the Southern District of New York is inappropriate because 87 claims do not contain any forum selection clause, and another 107 claims designate Washington as the exclusive jurisdiction.

---

[2] Technically, some of these limited licenses were originally issued to Pearson by the Stock Market Photo Agency of New York ("TSM") and Zefa.  However, these licenses were later assigned to Corbis when it acquired TSM and Zefa.

[3] JFPI contends that the forum selection clauses do not govern any of its claims because copyright infringement claims fall outside the scope of the forum selection clauses.  It is unnecessary to determine whether JFPI's copyright claims are within the scope of the forum selection clauses because, as will be explained below, even if the forum selection clauses apply, the private and public interests weigh against transfer.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[4]  28 U.S.C. § 1404(a).  In deciding whether to transfer a case, a court must consider "the private and public interests protected by the language of § 1404(a)."  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). "[T]here is no definitive formula or list of the factors to consider . . . ." *Id.*  Private interests that have been considered include:

> [P]laintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (internal citations omitted).  Public interests that have been considered include:

> [T]he enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80 (internal citations omitted).

"[A] plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (internal quotation marks omitted). However, "[w]ithin this framework, a forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum." *Jumara*, 55 F.3d at 880.  Although the burden of establishing the need for transfer usually rests with the defendant moving party, when there is a

---

[4] The parties agree that this case could have been brought in the Southern District of New York.

valid forum selection clause, "the plaintiff[] bear[s] the burden of demonstrating why [it] should not be bound by [its] contractual choice of forum." *Id.* at 879-80. "Thus, while courts normally defer to the plaintiff's choice of forum, such deference is inappropriate where the plaintiff has already freely contractually chosen an appropriate venue." *Id.* at 880. A forum selection clause "should not receive dispositive weight," *Jumara*, 55 F.3d at 880, but it is "a significant factor that figures centrally in [a] district court's calculus." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

There are few private interest factors to consider in this case. Neither party has any strong connection to either venue. JFPI and Pearson are not located or incorporated in Pennsylvania or New York, and none of the operative facts occurred in either forum. Moreover, both parties acknowledge that it would be no less or more convenient to litigate this case in Pennsylvania or New York. Pearson relies solely on the forum selection clauses in the MLAs to argue that this case should be transferred, and JFPI relies solely on its choice of forum to argue against transfer.

Pearson contends that the existence of the forum selection clauses in the MLAs shifts the burden to JFPI to demonstrate why this case should not be transferred, and eliminates any deference normally owed to JFPI's choice of forum. While this reasoning applies to the 127 claims covered by the New York forum selection clauses, it does not apply to the 87 claims that contain no forum selection clause, and the 107 claims that contain a Washington forum selection clause.

Clearly, JFPI's choice of forum is a paramount consideration for the 87 claims without any forum selection clause. While not as obvious, JFPI's choice of forum also deserves

4

deference in the 107 claims that contain a Washington forum selection clause.  Although a court should typically treat a forum selection clause as a manifestation of the parties' choice of forum, in this case, neither party has moved to enforce the Washington forum selection clause, a strong indication that Washington is not the preferred venue for either party.[5]   In an attempt to use the Washington forum selection clause as leverage to transfer this case to New York, Pearson indicates its "willing[ness] to substitute venue in New York for all claims with exclusive jurisdiction in Washington. . . ." Def.'s Mot. 3 n.3.  Despite Pearson eagerness to swap New York for Washington, Pearson does not have unilateral authority to substitute one venue for another in a negotiated contract.  Given the parties' mutual lack of interest in enforcing the Washington forum selection clause, I will defer to JFPI's choice of forum in the 107 claims that contain a Washington forum selection clause.  Because JFPI has chosen to litigate in this forum, the private interests weigh against transfer of the 194 claims that do not contain a New York forum selection clause.

Unlike the Washington forum selection clause, Pearson seeks to enforce the New York forum selection clauses.  Because Pearson seeks to enforce litigation in a venue that was contractually agreed upon, JFPI's choice of forum deserves no deference.  Therefore, the private interests favor transfer of the 127 claims that contain a New York forum selection clause.

In sum, the private interests point to transfer of the 127 claims covered by a New York forum selection clause and retention of jurisdiction over the remaining 194 claims, a less than ideal situation.  However, the analysis required under § 1404(a) does not end after consideration

---

[5] While Pearson "does not object" to the Court transferring claims to Washington, Def.'s Reply 10 n.7, this is a far cry from moving to enforce the Washington forum selection clause.

of the private interests.  It is also necessary to consider the public interests before reaching a transfer decision.

Neither party asserts that any of the public interest factors listed in *Jumara* favor disposition in either forum.  However, the public interest factors explicitly listed in *Jumara* are not the only factors that may be considered.  *Jumara*, 55 F.3d at 879 ("[T]here is no definitive formula or list of the factors to consider . . . .").  Another key factor that courts consider is conservation of judicial and party resources.  *See Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960); *Jones v. Custom Truck & Equipment, LLC*, No. 10-611, 2011 WL 250997, at *4 (E.D. Va. Jan. 25, 2011); *Am. Greetings, Corp. v. Cookie Jar Entm't, Inc.*, No. 09-1056, 2009 WL 3713686, at *8 (N.D. Ohio Nov. 3, 2009).

"To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."  *Cont'l Grain*, 364 at 26.  "Federal courts construing conflicting forum selection clauses governing separate claims raised in a single action often decline to enforce both clauses out of concern for wasting judicial and party resources."  *Jones*, 2011 WL 250997, at *4.  In these cases, courts have refused to enforce conflicting forum selection clauses because enforcement would result in wasteful and inefficient litigation of the same action in multiple forums.  *See Jones*, 2011 WL 250997, at *5 (refusing to enforce both forum selection clauses because enforcement "would be wasteful and inefficient"); *Pressdough of Bismark, LLC v. A & W Rests., Inc.*, 587 F. Supp. 2d 1079, 1088 (D.N.D. 2008) (refusing to enforce conflicting forum selection clauses "in order to avoid expensive piecemeal litigation"); *B & O Mfg. v. Home Depot U.S.A., Inc.*, No. 07-2864, 2007 WL 3232276, at *3 (N.D. Cal. Nov. 1,

6

2007) (refusing to enforce conflicting forum selection clauses because it "would be inefficient for both judicial and the parties' resources").  To avoid piecemeal litigation, courts have also refused to enforce a forum selection clause in cases where the forum selection clause covers only some, but not all of the claims in the action.  *See Farmland Indus., Inc. v. Frazier-Parrott Commodities*, 806 F.2d 848, 852 (8th Cir. 1986), *abrogated on other grounds by Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495 (1989); *Vision Tech. Design & Mfg., Inc. v. Gen. Wire Spring Co.*, No. 07-412, 2007 WL 2069945, at *6 (E.D. Cal. July 17, 2007).

This case contains both claims that are not covered by any forum selection clause, and claims that are covered by conflicting forum selection clauses.  It would be an immense waste of judicial and party resources to litigate these claims in multiple forums.[6]  Thus, the public interests weigh heavily in favor of litigating these claims together.

I decline to transfer this case to the Southern District of New York because the private interests weigh against transfer of the majority of the claims (194 out of 321), and the public interests strongly favor litigation of all of the claims in a single forum. Therefore, I will deny Pearson's motion to transfer venue.

s/Anita B. Brody

_____

ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                     Copies **MAILED** on _____ to:

_____

[6] JFPI argues that this Court has already expended time on this case and therefore, "it would not be an efficient or prudent use of judicial resources to transfer this case to a new district court."  Pl.'s Resp. 17 (internal quotation marks omitted).  It would be a slight waste of judicial resources to transfer this case because this district has already expended time reviewing motions and conducting a settlement conference.  However, this minimal waste of judicial resources is not the driving force behind my decision to retain jurisdiction.